UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.

DONNA INCARDONE and CONSTANCE SAVAGE, on behalf of themselves, their Autistic Spectrum Disorder children CHRISTIAN SAVAGE-PIETZ, SHADEN SAVAGE-PIETZ, RICKY SAVAGE-PIETZ and TERIANA SAVAGE-PIETZ, and all others similarly situated; PANAGOULA EFTHIMIOU and CONSTANTINE KOMPAGIANNIS, on behalf of themselves, their Autistic Spectrum Disorder child ATHANASIOS KOMBOGIANNIS, their child VASILLOS KOMBOGIANNIS, and all others similarly situated; IVELISSE SEPULVEDA, on behalf of herself, her Autistic Spectrum Disorder child CHRISTOPHER GARLAND, their child BRIANA GARLAND, and all others similarly situated; SARAH A. CAPURRO, on behalf of herself, her Autistic Spectrum Disorder children ANGELLA B. DOMINGUEZ CAPURRO and FERNANDO JOSE CAPURRO, and all others similarly situated, CASEY HAUS, on behalf of herself, her Autistic Spectrum Disorder child ANDREW HAUS, her child MADISON HAUS, and all other similarly situated; all other similarly situated families with Autistic Spectrum Disorder children and their aides aboard the Anthem of the Seas, and JENAIRE FEIMSTER, an aide to ANTHANASIOS KOMBOGIANNIS, a child with Autistic Spectrum Disorder, on behalf of herself and all families with Autistic Disorder Children and their aides aboard the Anthem of the Seas,

  Plaintiffs,
vs.

CLASS ACTION

ROYAL CARIBBEAN CRUISES, LTD.,

    Defendant.

_____/

## **COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiffs, on their own behalf, and on behalf of all other similarly situated passengers aboard the Anthem of the Seas, hereby sues Defendant, ROYAL CARIBBEAN CRUISES LTD. ("RCCL"), and for good cause alleges:

## **JURISDICTION AND PARTIES**

1. Plaintiffs, DONNA INCARDONE and CONSTANCE SAVAGE are Sui Juris, residents of the State of New Jersey and are the parents of CHRISTIAN SAVAGE-PIETZ, SHADEN SAVAGE-PIETZ, RICKY SAVAGE-PIETZ and TERIANA SAVAGE-PIETZ, all minors afflicted with Autism Spectrum Disorder ("ASD").

2. Plaintiffs, PANAGOULA EFTHIMIOU and CONSTANTINE KOMPAGIANNIS are Sui Juris, residents of New York State and the parents of ATHANASIOS KOMBOGIANNIS, afflicted with ASD, and VASILIOS KOMBOGIANNIS.

3. Plaintiff IVELISSE SEPULVEDA is Sui Juris, a resident of New York State and the mother of BRIANA GARLAND and CHRISTOPHER GARLAND, a child afflicted with ASD.

4. Plaintiff CASEY HAUS is Sui Juris, a resident of Ohio and the mother of MADISON HAUS and ANDREW HAUS, a child afflicted with ASD.

5. Plaintiff JENAIRE FEIMSTER is Sui Juris, a resident of New York State and the aide to a child with ASD, both of whom were on the subject voyage.

6. Plaintiffs, SARAH A. CAPURRO, is Sui Juris, a resident of New York State and the parent of ANGELLA B. DOMINGUEZ CAPURRO and FERNANDO JOSE CAPURRO, both of whom suffer from ASD.

7. Defendant RCCL is a corporation incorporated under the laws of Liberia having its principal place of business in Florida.

8. Upon information and belief, Plaintiffs were part of a group of 40 families with ASD children and their aides ("40 Families") who with the assistance and knowledge of RCCL were booked on the Anthem of the Seas for a cruise scheduled to embark on February 6, 2016.

9. The matter in controversy is in excess of $75,000.00 for each class member, exclusive of interest and costs, and is a class action brought pursuant to 28 U.S.C. § 1332(d)(2). In the event that class status is not certified, then this matter is brought under the Court's diversity (28 U.S.C. § 1332) and maritime jurisdiction (28 U.S.C. § 1333).

10. Defendant, RCCL, at all times material operated, had its principal place of business in Miami, Florida, conducted, engaged in or carried on a business venture in this state and/or county or had an officer or agency in the state and/or county, operated passenger ships in the waters of this state, and committed one or more of the acts provided for in Florida Statutes, Sections 48.081, 48.181 or 48.193.

11. The causes of action asserted in this Complaint arise under the General Maritime Laws of the United States.

12.     At all times material hereto, Defendant owned, operated, managed, maintained and/or controlled the passenger ship Anthem of the Seas which embarked from U.S. ports to ports of call within and outside the U.S.

13.     Suit is filed in this Court due to the forum selection clause in the passenger contract ticket issued by Defendant which requires any lawsuit to be filed in the District Court of the Southern District of Florida.

14.     This Class Action lawsuit deals with Defendant RCCL's knowing and intentional decision to sail the Anthem of the Seas with 40 families with autistic children into the path of a storm with hurricane force winds.  Defendant RCCL's knowing, intentional and reckless conduct subjects RCCL to the imposition of compensatory and punitive damages.

15.     Prior to setting sail on Saturday, February 6, 2016, meteorological services warned of developing hurricane force winds in the ships route.

16.     Prior to embarkation, at approximately 3:34 p.m. on Saturday, February 6, 2016, the NOAA warned of severe conditions in the ships route and notwithstanding those and other similar meteorological reports known or predicted, Anthem of the Seas embarked at 4 p.m. on Saturday, February 6, 2016 towards the storm.

17.     RCCL knew or should have known of these and other severe weather indications, but allowed the Anthem of the Seas to set sail from Bayonne, New Jersey on February 6, 2016, intending to sail to the Bahamas, carrying 40 families of ASD children.

18.     As the vessel was leaving Port, Captain Claus Andersen informed the passengers that there was a weather system building along the east coast and that he

intended to "outrun the growing storm." RCCL through its captain and crew was knowingly sailing directly towards a quickly developing dangerous storm.

19. By 3:40 p.m. on Sunday, February 7, 2016, the ship encountered the predicted storm with 100+ mph winds and 30+ foot seas. The captain ordered all passengers to be confined in their staterooms until further notice due to the severe conditions of the sea.

20. While confined to their staterooms for approximately twelve hours due to the severe crashing of waves and listing of the vessel, plaintiffs were holding onto their beds or whatever they could find.

21. At times due to the violent movements of the ship from side to side and up and down, the plaintiffs were hurled against cabin walls, floors and furniture sustaining bodily and psychic injuries.

22. At times the vessel listed as far as 45 degrees for extended periods as the passengers were violently thrown around their cabins.

23. There were forty families with ASD children aboard the vessel and parents and aides did their best to protect themselves and their children who were being severely battered traumatized.

24. Each and all of the foregoing conditions, including but not limited to, the impending dangerous weather and sea conditions, were known and/or should have been known to RCCL prior to the time RCCL decided to sail on February 6, 2016, with the named Plaintiffs and all other passengers similarly situated. As such, RCCL knowingly, intentionally and recklessly decided to sail directly into the path of the hurricane force

storm, thereby placing the well-being of each and every one of the passengers and crew aboard that ship at risk.

## CLASS ACTION ALLEGATIONS

25. At all times material hereto, the Class Representative and Class Members were paying passengers aboard Defendant's vessel.

26. This action is brought by Plaintiffs on their own behalf, and on behalf of all other ASD families similarly situated, under the provisions of Rule 23(a) and 23(b)(3) of the Federal Rules of Civil Procedure.

27. The class so represented by the Plaintiffs in this action, and of which Plaintiffs are members, consists of all families with ASD children and aides aboard the Anthem of the Seas who were subjected to the severe winds and seas on or about February 7, 2016.

28. The class of passengers was subjected to severe distress both physical, psychological and emotional injury, aggravation of pre-existing neurological conditions, and endured pain and suffering as a result of Defendant RCCL's negligence and/or gross negligence and/or intentional and/or reckless conduct.

29. The exact number of members of the class is unknown at this time, but it is estimated to be between 100 and 125 members.  The class is so numerous that joinder of all members is impracticable.  This action satisfies the requirements of Rule 23(a)(1).

30. There are common questions of law and fact that relate to and effect the rights of each member of the class and the relief sought is common to the entire class. The same misconduct on the part of Defendant RCCL caused similar injury to each class member.  All class members seek damages under the general maritime law of the United

States for Intentional Infliction of Emotional Distress, Negligent Infliction of Emotional Distress and Negligence. Accordingly, this action satisfies the requirement of Rule 23(a)(2).

31. The claims of Plaintiff are typical of the claims of the class, in that the claims of all members of the class, including Plaintiffs, depend upon a virtually identical showing of the acts and omissions of Defendant RCCL, giving rise to the right of Plaintiffs to the relief sought herein. Defendant RCCL was at all times material hereto engaged in the same conduct to the detriment of the entire class of Plaintiffs. Accordingly, this action satisfies the requirements of Rule 23(a)(3).

32. Plaintiffs are the representative parties for the class, and are able to, and will fairly and adequately protect the interests of the class. There is not conflict between Plaintiffs and other members of the class with respect to this action, or with respect to the claims for relief herein. The attorneys for Plaintiffs are experienced and capable in the field of maritime claims for cruise ship passenger injury, and class actions, and have successfully represented parties in other litigation for and against Royal Caribbean or other cruise lines. Two of the attorneys designated as counsel for Plaintiff, John B. Ostrow and Alan Trachtman, will actively conduct and be responsible for Plaintiffs' case herein. Accordingly, this action satisfies the requirement of Rule 23(a)(4).

33. This action is properly maintained as a class action under Rule 23(b)(3) inasmuch as questions of law and fact common to the members of the class predominate over any questions affecting only individual members, and a class action is superior to the other available methods for the fair and efficient adjudication of this controversy. In support of the foregoing, Plaintiff alleges that common issues predominate and can be

determined on a class-wide basis regarding RCCL's failure to exercise appropriate care under the circumstances, by *inter alia,* deciding to sail the Anthem of the Seas into hurricane-force winds and dangerous sea conditions, despite weather and marine forecasts and warnings posted as early as February 3, 2016, and also with knowledge the ship was carrying 40 families with fragile ASD children.

34. A class action is superior to other available methods for the fair and efficient adjudication of this controversy because of the burden and inefficiency including the cost of this expensive litigation. The interests of justice will be served by resolving the common disputes of the class members with RCCL in a single forum, and individual actions by class members, many of whom are citizens of different states would not be cost effective. The class consists of a finite and identifiable number of individuals which will make the matter manageable as a class action.

## COUNT I – NEGLIGENCE

Plaintiffs re-allege, adopt, and incorporate by reference the allegations in paragraphs 1 through 34 as though alleged originally herein and further alleges:

35. It was the duty of Defendant RCCL to provide Plaintiffs and all others similarly situated with the highest duty of care under the circumstances.

36. On or about February 6, 2016, and continuing thereafter, RCCL and/or its agents, servants, and/or employees breached its duty of care to Plaintiffs.

37. Plaintiffs were injured due to the fault and/or negligence and/or intentional and/or reckless conduct of Defendant RCCL, and/or its agents, servants, and/or employees in the following manner:

   a. Knowingly sailing the passenger vessel into severe weather conditions; and/or

b. Failure to use appropriate care to provide and maintain a safe voyage for Plaintiffs; and/or

c. Failing to have proper procedures in place to avoid sailing into dangerous weather conditions; and/or

d. Deciding to sail the vessel despite severe weather warnings; and/or

e. Failing to properly employ available technology to monitor weather and sea conditions; and/or

f. Failing to cancel the schedule cruise; and/or

g. Failing to turn back the vessel and/or divert the vessel and/or seek safe harbor before encountering the storm; and/or

h. Failing to take a safe route from Bayonne, New Jersey to the Bahamas; and/or

i. Failing to alter route to a safe route while at sea; and/or

j. Failure to provide adequate training and instruction, to the captain and crew; and/or

k. Failure to properly supervise the actions of the captain and crew; and/or

l. Failure to promulgate and/or enforce adequate policies and procedures to ensure that safety would not be compromised for cost and/or profits; and/or

m. Failure to adequately maintain the Anthem of the Seas, its engines and machinery, so as to prevent the failure of shipboard systems necessary to ensure the reasonable safety of its passengers; and/or

n. Failure to adequately inspect the Anthem of the Seas, its engines and machinery, so as to prevent the failure of shipboard systems necessary to ensure the reasonable safety of its passengers; and/or

o. Failure to promulgate policies and/or procedures aimed at ensuring an adequate emergency plan to protect the health and welfare of passengers with disabilities during an emergency; and/or

p. Failure to determine and/or appreciate the hazards associated with operating the subject vessel's propulsion system while encountering severe weather and sea conditions; and/or

    q. Failure to have sufficient propulsion power for a ship of the size of the Anthem of the Seas to properly navigate a storm of the intensity of the storm encountered; and/or

    r. Failure to employ or consult an expert meteorological staff tasked with monitoring storms and/or sea conditions to ensure the safety of passengers; and/or

    s. Failure to have adequate health care available to care for special needs children; and/or

    t. Improperly designed, equipped and accepted into service the Anthem of the Seas.

38. At all material times, Defendant RCCL controlled the vessel, Anthem of the Seas.

39. Defendant knew of the foregoing conditions causing Plaintiffs' injuries and did not correct those conditions, or the conditions existed for a sufficient length of time so that Defendant in the exercise of reasonable care under the circumstances should have learned of them and corrected them.

40. As a result of the negligence of RCCL, Plaintiffs and/or their children and charges were injured about their bodies and extremities, suffered both physical pain and suffering, mental and emotional anguish, loss of enjoyment of life, temporary and/or permanent physical disability, impairment, inconvenience in the normal pursuits and pleasures of life and aggravation of pre-existing neurological conditions, incurred medical expenses in the care and treatment of their injuries including life care, suffered additional physical handicap, lost income in the past, and their working ability and earing capacity and been impaired.  The injuries and damages are permanent or continuing in nature, and Plaintiffs will suffer the losses and impairments in the future.

WHEREFORE, the Plaintiffs demand judgment for all damages recoverable under the law against the Defendant, including punitive damages, and demands trial by jury.

### COUNT II – NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

Plaintiffs re-allege, adopt, and incorporate by reference the allegations in paragraphs 1 through 34 as though alleged originally herein and further allege:

41. At all times material, due to the negligence and/or gross negligence and/or intentional and/or reckless conduct of the Defendant, Plaintiffs and all others similarly situated were placed in immediate risk of physical harm. Said risk of physical harm included but is not limited to: injury and/or death and/or severe emotional and/or psychological trauma.

42. Defendant's negligence and/or gross negligence and/or intentional and/or reckless conduct caused severe physical, mental and/or emotional harm and/or distress in the adult Plaintiffs, their children or charges, and all others similarly situated, such as fear and anxiety. These injuries and/or damages have also resulted in physical manifestations, such as sickness, nausea, exhaustion, fatigue, headaches, insomnia, lack of sleep, poor sleep, nightmares and aggravation of pre-existing neurological conditions.

43. During the time period alleged in the complaint, Plaintiffs and those similarly situated was/were confined to their staterooms for approximately twelve hours and was subjected to the violent storm causing a fear of death and the sinking of the vessel.

44. Plaintiffs' and those similarly situated aboard the Anthem of the Seas were placed in the zone of danger of the violent storm. Each Plaintiff was in close proximity to

conditions which did cause or could have caused death, serious physical, mental and/or emotional injury and/or illness.

45. As a result of the negligent inflection of emotional distress by RCCL, Plaintiffs were injured about their bodies and extremities, suffered both physical pain and suffering, mental and emotional anguish, loss of enjoyment of life, impairment, inconvenience in the normal pursuits and pleasures of life, aggravation of previously existing neurological conditions, incurred medical expenses in the care and treatment of their injuries including life care, lost past and future income and their earnings capacity loss impaired. The injuries and damages are permanent or continuing in nature, and Plaintiffs will suffer the losses and impairments in the future.

WHEREFORE, the Plaintiffs demand judgment for all damages recoverable under the law against the Defendant, including punitive damages, and demands trial by jury.

### COUNT III – INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

Plaintiffs re-allege, adopt, and incorporate by reference the allegations in paragraphs 1 through 34 as though alleged originally herein and further allege:

46. As set forth above, the actions of RCCL were intentional or reckless and inflicted physical injury and mental suffering. RCCL's conduct in both placing the subject vessel in a violent storm and subjecting fragile passengers and their caregivers to a reasonable fear of death and/or injury to their children or charges, despite RCCL's prior knowledge of the impending storm, was outrageous. This conduct is made more outrageous by the fact that it was motivated by RCCL's desire not to cancel or divert the cruise because of the cost of same. RCCL chose profit over the safety and welfare of its passengers.

47. RCCL's conduct caused the Plaintiffs, and all those similarly situated, to suffer through the fearful conditions alleged above.

48. All of the conditions previously alleged and endured by the Plaintiff caused severe suffering and emotional distress as these conditions not only led to immediate risk of physical harm but also caused severe discomfort, anxiety, feelings of helplessness/hopelessness as the Anthem of the Seas endured the violent storm.

49. The conduct of RCCL as alleged above is so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community. RCCL recklessly and intentionally put 40 families with impaired children at risk and through severe trauma for reasons of financial gain.

50. As a result of the intentional inflection of emotional distress by RCCL, Plaintiffs were injured about their bodies and extremities, suffered both physical pain and suffering, mental and emotional anguish, loss of enjoyment of life, temporary and/or permanent physical disability, impairment, inconvenience in the normal pursuits and pleasures of life, aggravation of previously existing neurological conditions, incurred medical expenses in the care and treatment of their injuries including life care, lost income in the past and future and their working ability and earning capacity has been impaired. The injuries and damages are permanent or continuing in nature, and Plaintiffs will suffer the losses and impairments in the future.

WHEREFORE, the Plaintiffs demand judgment for all damages recoverable under the law against the Defendant, including punitive damages, and demands trial by jury.

**JOHN B. OSTROW, P.A.**
*Counsel for Plaintiffs*
777 Brickell Avenue, Suite 400
Miami, Florida 33131
Tel: 305-358-1496
Jostrow@bellsouth.net
JBOassist@gmail.com

*and*

**LAW OFFICE OF ALAN C. TRACHTMAN**
48 Wall Street, 11th Floor
New York, NY 10005
Tel: 212-918-4750
Fax: 212-202-4961
act@traxlaw.com


By: *s/ John B. Ostrow*             _
     JOHN B. OSTROW
     Fla. Bar No. 124324