UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.: 16-cv-20924-MARTINEZ/GOODMAN

DONNA INCARDONE, *et al.*,

Plaintiffs,

vs.

ROYAL CARIBBEAN CRUISES, LTD.,

Defendant.
_____/

## MOTION IN LIMINE TO PRECLUDE REFERENCE TO UNPRODUCED WEATHER REPORTS OR FORECASTS

COME NOW, the Plaintiffs' hereby file a Motion in Limine to Preclude Defendant, ROYAL CARIBBEAN CRUISES, LTD's, from referencing unproduced weather reports or forecasts at trial and state as follows:

The Defendant utilized a weather service called Bon Voyage which updates the ship with weather reports prior to and during the voyage.  During discovery, the Plaintiffs requested all documents and communications concerning weather reports for the February 6, 2014 cruise.  The Defendant did not produce weather reports for February 6th or the morning hours of February 7th. During a May 5, 2017 discovery hearing on this issue Defendant stated it did not possess weather reports for those dates but would look again and produce what it had. [DE 85 p.53-55] The Court entered a subsequent Order requiring Defendant to provide Plaintiffs' counsel with a status report, via mail or email, indicating whether supplemental bon voyage weather documents were previously produced; (2) the date the documents were produced; and (3) the documents'

corresponding bates numbers. [DE 69] If the supplemental bon voyage documents were not previously produced, then Defendant must produce the documents on the day of the status report. [Id. & DE 85 p.54-58]

During a November 27, 2017 discovery conference the parties revisited this issue and again discussed the Bon Voyage weather reports for February 6th and the morning hours of February 7th. [Ex.1 p.34-35] The Defendant claimed to have the Bon Voyage weather forecasts for the February 6, 2016 cruise, but have never produced Bon Voyage reports or forecasts for February 6th or morning of the 7th. [Id.] Accordingly, the Plaintiffs seek to preclude any introduction of such unproduced weather reports or forecasts at trial.

Under Fed. R. Civ. P. 26(a) the Defendant has a duty to produce any evidence in its possession, custody, or control and may use to support its claims or defenses.  Parties also must supplement their Rule 26 disclosures at appropriate intervals. Fed.R.Civ.P. 26(e)(1).  Under Fed. R. Civ. P. 37(c)(1) if a party fails to provide information as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence at a trial.  See *Cooley v. Great S. Wood Preserving,* 138 F. App'x 149, 160-61 (11th Cir.2005) (affirming the district court's order to strike previously undisclosed evidence); see also *Eli Research LLC v. Must Have Info Inc.*, 2015 WL 6501070, at \*2 (M.D. Fla. Oct. 22, 2015). The Eleventh Circuit considers three factors when reviewing a district court's decision to exclude previously undisclosed evidence under Rule 37: (1) the importance of the evidence; (2) the reason for the party's failure to disclose the evidence earlier; and (3) the prejudice to the opposing party if the evidence is considered. See *Cooley* at 161.

All the available weather reports were sought on multiple occasions and discussed between the parties at multiple discovery hearings.  The Defendant has failed to offer weather

reports from the Bon Voyage Weather Service for the date of February 6th and the morning of February 7, 2016.  The Defendant has no excuse for its failure to produce these reports considering the exhaustive discovery efforts expended by the Plaintiffs on this issue.  It would be prejudicial to now surprise the Plaintiffs or their experts with these reports at trial as the Plaintiffs have not had an opportunity to examine the reports with its weather or navigational safety expert.  As such, the Defendant should be precluded from offering those reports at trial.

The parties have had a Rule 7.1 conferral prior to filing this Motion and were unable to reach an agreement on this issue.

Plaintiffs respectfully request this Court preclude any reference to Bon Voyage weather reports/forecasts not produced in discovery.

JOHN B. OSTROW, P.A.
Counsel for Plaintiffs
777 Brickell Avenue, Suite 400
Miami, Florida 33131
Tel: 305-358-1496
Jostrow@bellsouth.net
JBOassist@gmail.com

and

LAW OFFICE OF ALAN C. TRACHTMAN
48 Wall Street, 11th Floor
New York, NY 10005
Tel: 212-918-4750
Fax: 212-202-4961
act@traxlaw.com

By: s/ Morgan P. Theodore
MORGAN P. THEODORE
Fla. Bar No. 70188

## CERTIFICATE OF SERVICE

I hereby certify that on December 3, 2018, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this 3rd day of December, 2018 on all counsel of record or *pro se* parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

/s/ *Morgan P. Theodore*

Morgan P. Theodore