UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.: 16-cv-20924-MARTINEZ/GOODMAN

DONNA INCARDONE, *et al.*,

    Plaintiffs,

vs.

ROYAL CARIBBEAN CRUISES, LTD.,

    Defendant.
_____/

## MOTION IN LIMINE TO PRECLUDE AFFIRMATIVE DEFENSE EVIDENCE AND ARGUMENT

COME NOW, the Plaintiffs' hereby file a Motion in Limine to Preclude Argument and Evidence supporting Defendant, ROYAL CARIBBEAN CRUISES, LTD's, Affirmative Defenses and states as follows:

### FACTS

On March 8, 2017 Defendant filed an Answer and Affirmative Defenses to Plaintiffs' Second Amended Complaint. [DE 61] In its Answer the Defendant raised 16 "Affirmative Defenses". [DE 61 ¶41-56] The Defendant failed to provide facts necessary to support its alleged Affirmative Defenses. On March 13, 2017, Plaintiffs propounded interrogatories seeking to discover what facts Defendant intended to rely upon in support the Affirmative Defenses [DE 61 ¶¶42, 43, 45, 46, 47, 53, 54, 55 & 56; Ex.1] The Defendant responded to Plaintiffs'

interrogatories on April 12, 2017 objecting to the request for supportive facts. [Ex.1] On May 5, 2017, in a hearing before the Court on this issue, the Court agreed factual support was necessary to sustain the affirmative defenses. [DE 85 p.24-28] The Court required Defendant's to supplement the interrogatory responses stating it did not have facts to support its Affirmative Defenses and noting that Plaintiffs could move to strike the Defenses if no supportive facts are ultimately submitted by Defendant. [Id.] On September 20, 2017, Plaintiffs' counsel emailed the Defendant, again seeking supportive facts for the Affirmative Defenses. [Ex. 2] The Defendant failed to respond with any supportive facts. [Id.] The Plaintiffs filed a Motion to Strike the Affirmative Defenses on December 7, 2017 and December 26, 2017. [DE 159 & 164] On December 21, 2017 Defendant filed a Response to Plaintiffs' Motion and an Amended Answer to the Complaint. [DE 163 & 164] The Amended Answer is identical to the original Answer with the exception of three dropped Affirmative Defenses. [DE 164] The remaining 13 Affirmative Defenses are still without supportive facts and fail to meet pleading standards as set forth by the Supreme Court and the Southern District of Florida. The Defendant has been hiding the ball and has prevented the Plaintiffs from conducting discovery and otherwise preparing responses to the affirmative defenses. Trial by ambush should not be condoned and the Defendant should be precluded from introducing evidence of or arguing its Affirmative Defenses at Trial.

## **MEMORANDUM**

The Federal Rule of Civil Procedure 12(f) provides "the court may strike from a pleading *an insufficient defense* or any redundant, immaterial, impertinent, or scandalous matter." (emphasis added). The Supreme Court recently clarified the pleading specificity standard, explaining that "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" Ashcroft v. Iqbal, 129 S.Ct. 1937 at 1949 (2009)

(quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544 at 555 (2007)). "Threadbare recitals ... supported by mere conclusory statements, will not suffice." Id. at 1949. Therefore, "[f]actual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555.

The majority of district courts in Florida have applied a heightened pleading standard to affirmative defenses. See Torres v. TPUSA, Inc., No. 2:08–cv–618–FtM–29DNF, 2009 U.S. Dist. LEXIS 22033, at *2–3, 2009 WL 764466 (M.D. Fla. Mar. 19, 2009) (affirmative defense stating that plaintiff failed to state a claim upon which relief can be granted provides no basis on which the court can determine a plausible basis for such defense); see also Holtzman v. B/E Aerospace, Inc., No. 07–80551, 2008 U.S. Dist. LEXIS 42630, at *6 (S.D. Fla. May 28, 2008) ("While Defendants need not provide detailed factual allegations, they must provide more than bare-bones conclusions. Plaintiff should not be left to discover the bare minimum facts constituting a defense until discovery"); Home Mgmt. Solutions, Inc. v. Prescient, Inc., No. 07–20608, 2007 U.S. Dist. LEXIS 61608, at *9–10, 2007 WL 2412834 (S.D. Fla. Aug. 21, 2007) ("Without some factual allegation in the affirmative defense, it is hard to see how a defendant could satisfy the requirement of providing not only 'fair notice' of the nature of the defense, but also 'grounds' on which the defense rests." (quoting Twombly, 550 U.S. at 556 n. 3)).

In Castillo v. Roche Labs. Inc., No. 10–20876–CIV, 2010 WL 3027726, at *3 (S.D. Fla. Aug. 2, 2010) the Honorable Judge Seitz struck several of the Defendant's Affirmative Defenses finding they were pled without "requisite factual particularity." Id. at *4. The Defendant is required to provide a statement of underlying facts "in order to focus the scope of discovery, particularly when a defendant alleges [many] defenses, due to the growing tendency to assert boilerplate defenses." See Id. "[T]he purpose of pleading sufficient facts in an affirmative

defense 'is to give fair notice to the opposing party that there is some plausible, factual basis for the assertion and not simply to suggest some possibility that it might apply to the case." Id. at *3 (*citing* Palmer v. Oakland Farms, Inc., 2010 U.S. Dist. LEXIS 63265, at *15, (W.D. Va. 2010)).

In Royal Caribbean Cruises, Ltd. v. Jackson, 921 F. Supp. 2d 1366 at *5 (S.D. Fla. 2013) The Honorable Judge Seitz dismissed several affirmative defenses that were mere conclusions and denials without supportive facts. Judge Seitz relied on Judge Ryskamp's explanation of a proper Affirmative Defense stating:

> "By its very definition, '[a]n affirmative defense is established only when a defendant admits the essential facts of a complaint and sets up other facts in justification or avoidance.' Will v. Richardson–Merrell, Inc., 647 F. Supp. 544, 547 (S.D. Ga.1986). Thus, a defense which simply points out a defect or lack of evidence in a plaintiff's case is not an affirmative defense. See In re Rawson Food Service, Inc., 846 F.2d 1343, 1349 (11th Cir.1988)." Id. (citing Morrison v. Executive Aircraft Refinishing, Inc., 434 F.Supp. 2d 1314, 1318 (S.D. Fla. 2005)).

In V/G Inv., Inc. v. M/V PACIFIC II, No. 12–20543–CIV, 2012 WL 3064097 (S.D. Fla. July 27, 2012), the court struck several affirmative defenses where they failed to "contain factual allegations of *any* kind" or were "impermissibly vague and conclusory." See also Rodriguez v. Whitestone Group, 2013 WL 12064492 (S.D. Fla. 2013) (concurring with the approach taken by numerous sister courts that bare-bones, conclusory affirmative defenses should be stricken for failure to comply with Rule 8(a)). It is well settled in the Southern District and Eleventh Circuit that vague or conclusory statements or statements that are factually insufficient should be stricken as affirmative defenses. The Defendant in the instant action has failed to allege proper affirmative defenses. Rather, it has simply listed legal statements, conclusory statements or boilerplate defenses that lack factual detail. The following improper Affirmative Defenses have been raised by the Defendant [DE 164]:

> ¶41 **"**The Plaintiff(s) claim is barred in whole or in part because the Complaint fails to state a claim upon which relief can be granted."

Paragraph 41 is a recitation of the standard for dismissal under Rule 12(b)(6) and fails to notify Plaintiffs of any deficiencies in the Complaint. See Center for Individual Rights v. Chevaldina, 2017 WL 2954919, *5 (S.D. Fla. July 11, 2017); see also Flav–O–Rich, Inc. v. Rawson Food Serv., Inc., 846 F.2d 1343, 1349 (11th Cir.1988) (noting a defense that simply points out a defect or lack of evidence in the plaintiff's case is not an Affirmative Defense).

> ¶42 "The Plaintiff(s) own negligence was the sole proximate cause of his injuries and damages and, accordingly, the Plaintiff's claim is barred as a matter of law."

Paragraph 42 is a boilerplate defense with no factual statement of support. See Castillo, 2010 WL 3027726 at *3 (S.D. Fla. Aug. 2, 2010) (striking boilerplate defenses that lack factual particularity). According to this defense, all 22 Plaintiffs were somehow guilty of comparative negligence. Not only was the defense raised for all Plaintiffs including the autistic children, but also, the Plaintiffs have not been informed of what the negligent acts were.

> ¶43 "The Plaintiff(s) own negligence contributed to the subject accident and his/her injuries and damages and, accordingly, any award to the Plaintiff must be reduced in proportion to his own comparative negligence."

Paragraph 43 is a boilerplate defense with no factual statement of support and has the same concerns as paragraph 42. See Id.

> ¶44 "Defendant had no notice or knowledge of the alleged unreasonably dangerous conditions."

Paragraph 44 is a boilerplate defense with no factual statement of support. Although Plaintiff assumes Defendant is talking about the extreme weather they chose to sail into, the defense is not specific and while a defense, it is not an affirmative defense See Id.

> ¶45 "Defendant fully discharged any duty to Plaintiff by warning him of anticipated heavy weather."

Paragraph 45 is a boilerplate defense with no factual statement of support and further is

not an affirmative defense. See Id.

> ¶46 "The Plaintiff(s) failed to seek timely and/or appropriate medical treatment for his alleged injuries, and/or failed to follow the advice of his or her doctors which failure caused/exacerbated his alleged injuries."

Paragraph 46 states a boilerplate defense with no factual statement of support. Again they alleged this defense to all 22 claimants including the autistic children and it woefully fails in specifics of what they contend each Plaintiff failed to do. See Id.

> ¶47 "The Plaintiff(s) have failed to mitigate his or her damages."

Paragraph 47 is a boilerplate conclusory statement with no factual support expressing Plaintiff's alleged failures, and saying which Plaintiffs failed to mitigate. See MSP Recovery, LLC v. Allstate Insurance Company, 2017 WL 3536918 *2 (S.D. Fla. 2017) (striking an alleged affirmative defense on mitigation of damages stated without factual support); See also Castillo, 2010 WL 3027726 at *3 (S.D. Fla. Aug. 2, 2010).

> ¶48 The Plaintiff's injuries and/or damages are the result of the aggravation of (a) prior injury(ies) and/or condition(s).

Paragraph 48 states a boilerplate defense with no factual statement of support. See Castillo at *3-4. Further, the Defendant is responsible for aggravations of any pre-existing conditions. This defense also fails to differentiate who they claim had what preexisting conditions.

> ¶49 Prior to the alleged incident, Defendant did not have actual or constructive notice of the severity of weather encountered.

Paragraph 49 is a boilerplate defense with no factual statement of support. This is not an affirmative defense, and is insufficiently lacking in facts for plaintiff to know how severe the weather was that they claim they did reasonably anticipate. See Id.

> ¶50 To the extent applicable, any award of damages to the Plaintiff must be reduced for any collateral source payments and payments made and received from Defendant.

Paragraph 50 is a boilerplate defense with no factual statement of support and does not state what collateral sources and/or payments Defendant is specifically talking about. See Perlman 2014 WL 4449602 at *2-3.

> ¶51 The alleged injuries and damages, if any, of the Plaintiff and the derivative injury and damages, if any, of the Plaintiff were proximately caused by a pre-existing condition or injury and/or by actions of others or events separate, distinct, unrelated and remote to any action or inaction of this Defendant, which said separate distinct unrelated actions of others or events or accidents were the sole proximate cause of Plaintiff's alleged injuries and damages, if any, for which Defendant cannot be liable.

Paragraph 51 is a boilerplate defense with no factual support, multiple defenses and no definition of who had what preexisting condition; what "others" caused the injuries; or what "other" events or accidents caused each of the Plaintiffs' injuries. See Castillo.

> ¶52 Pursuant to paragraph 11(a) of the passenger ticket contract (an exemplar of which is attached hereto as Exhibit "1"), Defendant is not be liable for an Act of God or peril of the sea or any other cause beyond Defendant's reasonable control or any act not shown to be caused by Defendant's negligence.

Paragraph 52 is not an Affirmative Defense. The complaint alleges Defendant was negligent and the Plaintiffs may recover if the jury finds negligence. This defense was argued in Defendant's summary judgment motion and well briefed without evidence to support the alleged passenger ticket contract. Defendant failed to produce any signed ticket contracts in response to discovery requests to produce them.

> ¶53 The risk creating condition(s) which Plaintiff alleges caused his injuries was open and obvious and should have been observed by the Plaintiff through the ordinary use of his senses.

Paragraph 53 is not an Affirmative Defense, has no relation to the facts of the case nor does it state supportive facts. Defendant alleges that hurricane forces at sea were open and

obvious to each of the autistic plaintiffs and their parents. There is no allegation that had they known, there was anything they could or should have done to change the outcome. This is simply a statement that something was observable at some point in time time by someone unidentified in the allegation.

Under Fed. R. Civ. P. 37(c)(1) if a party fails to provide information as required by Rule 26(a) or (e), the party is not allowed to use that information to supply evidence at a trial. See Cooley v. Great S. Wood Preserving, 138 F. App'x 149, 160-61 (11th Cir.2005) (affirming the district court's order to strike previously undisclosed evidence); see also Eli Research LLC v. Must Have Info Inc., 2015 WL 6501070, at *2 (M.D. Fla. Oct. 22, 2015).

Upon review of Defendant's Affirmative Defenses it is clear the Defendant failed to meet the pleading standards of the Eleventh Circuit and the Southern District of Florida. The Defendant's continued failure to elaborate on the Affirmative Defenses is evidence of its inability or unwillingness to provide basic factual support that can be defended against. In failing to offer factual support for its Affirmative Defenses despite multiple requests to do so, the Defendant has foreclosed the Plaintiffs' from conducting discovery tailored to those defenses. It would thus be overly prejudicial for the Defendant to offer arguments and facts supporting the affirmative defenses at trial. Accordingly, the Defendant should be precluded from introducing evidence or argument in support of its Affirmative Defenses at trial.

The parties have had a Rule 7.1 conferral prior to filing this Motion and were unable to reach an agreement on this issue.

WHEREFORE Plaintiffs' respectfully request that the Court Preclude Defendant's from introducing evidence of or arguing Affirmative Defenses at trial.

Respectfully Submitted,

JOHN B. OSTROW, P.A.
Counsel for Plaintiffs
777 Brickell Avenue, Suite 400
Miami, Florida 33131
Tel: 305-358-1496
Jostrow@bellsouth.net
JBOassist@gmail.com

and

LAW OFFICE OF ALAN C. TRACHTMAN
48 Wall Street, 11th Floor
New York, NY 10005
Tel: 212-918-4750
Fax: 212-202-4961
act@traxlaw.com


By: s/ Morgan P. Theodore

MORGAN P. THEODORE

Fla. Bar No. 70188


**CERTIFICATE OF SERVICE**

I hereby certify that on December 3, 2018, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this 3rd day of December, 2018 on all counsel of record or *pro se* parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

/s/ *Morgan P. Theodore*

Morgan P. Theodore