UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.: 16-cv-20924-MARTINEZ/GOODMAN

DONNA INCARDONE, *et al*.,

Plaintiffs,

vs.

ROYAL CARIBBEAN CRUISES, LTD.,

Defendant.

_____/

## MOTION IN LIMINE TO PRECLUDE TESTIMONY OR EVIDENCE OF PLAINTIFFS' CONSENTING TO OR SIGNING TICKETS

COME NOW, the Plaintiffs' hereby file a Motion in Limine to Preclude Defendant, ROYAL CARIBBEAN CRUISES, LTD's, from offering testimony that the Plaintiffs' consented to or signed tickets and states as follows:

The Defendant stated in its Affirmative Defenses that the "Pursuant to paragraph 11(a) of the passenger ticket contract … Defendant is not be liable for an Act of God or peril of the sea or any other cause beyond Defendant's reasonable control or any act not shown to be caused by Defendant's negligence." [DE 164 ¶52] It its Motion for Summary Judgment on the Act of God defense, the Defendant stated "the parties contemplated 'Acts of God' and 'Perils of the Sea' as part of the cruise ticket contract…" [DE 241 p.9] The Defendant argued in its Motion to Dismiss that the Plaintiffs each received and signed ticket contracts, which would somehow limit the Defendant's liability in this action. [DE 34] But the Plaintiffs' have affirmed that they did not

receive or sign any ticket contracts.  No guest signed ticket booklets, signed passenger tickets, or signed cruise ticket contracts of any kind were received by the Plaintiffs. [DE 40- Plf. Exhibit 2]

The Plaintiffs have sought production of any such evidence but the Defendant has failed to produce a signed ticket booklet, passenger ticket, or cruise ticket contract. [Ex.1] In a November 27, 2017 discovery conference, Defense Counsel stated it would look into what documents they may have proving the Plaintiffs' receipt or signature on a ticket or contract. [Ex.2] Yet, the Defendant never supplemented production with any such evidence.  On January 3, 2018 Plaintiffs' Counsel once again emailed Defense Counsel to confirm that such signed tickets were not in existence and Defense Counsel failed to respond. [Ex.3]. The Defendant has presented no evidence the Plaintiffs knowingly agreed to any "terms and conditions" upon boarding.  And the Plaintiffs do not recall agreeing to any "terms and conditions" or being directed to any such terms upon boarding.  [DE-40]

Under Fed. R. Civ. P. 26(a) the Defendant has a duty to produce any evidence in its possession, custody, or control and may use to support its claims or defenses.  Parties also must supplement their Rule 26 disclosures at appropriate intervals. Fed.R.Civ.P. 26(e)(1).  Under Fed. R. Civ. P. 37(c)(1) if a party fails to provide information as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence at a trial.  See *Cooley v. Great S. Wood Preserving,* 138 F. App'x 149, 160-61 (11th Cir.2005) (affirming the district court's order to strike previously undisclosed evidence); see also *Eli Research LLC v. Must Have Info Inc.*, 2015 WL 6501070, at *2 (M.D. Fla. Oct. 22, 2015).

In addition, evidence "may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury...." Fed. R. Evid. 403.  It would be prejudicial and confusing for Defendant to argue Plaintiffs waived or

limited Defendant's liability by signing a ticket notifying of a potential "Act of God."

Lastly, an attempt to limit liability in a passenger ticket is void according to 46 U.S.C. 30509 because it is an attempt to limit liability. See *Kornberg v. Carnival Cruise Lines, Inc*., 741 F.2d 1332, 1335–36 (11th Cir. 1984); see also *Johnson v. Royal Caribbean Cruises, Ltd*., 449 F. App'x 846, 848 (11th Cir. 2011).  §30509(a)(1)(A) states: "The owner, master, manager, or agent of a vessel transporting passengers between ports in the United States, or between a port in the United States and a port in a foreign country, may not include in a regulation or contract a provision limiting [...] the liability of the owner, master, or agent for personal injury or death caused by the negligence or fault of the owner or the owner's employees or agents."

The Defendant has failed to offer evidence of the alleged "ticket contracts" during discovery and any such evidence would be legally untenable, prejudicial and confusing to the jury. Accordingly, the Court should prohibit Defendant from offering evidence or testimony concerning the signed ticket or its terms during trial.

The parties have had a Rule 7.1 conferral prior to filing this Motion and were unable to reach an agreement on this issue.

WHEREFORE Plaintiffs respectfully request this Court preclude Defendant from offering testimony or evidence that the Plaintiffs' signed or consented to tickets.

> JOHN B. OSTROW, P.A.
> Counsel for Plaintiffs
> 777 Brickell Avenue, Suite 400
> Miami, Florida 33131
> Tel: 305-358-1496
> Jostrow@bellsouth.net
> JBOassist@gmail.com
>
> and
>
> LAW OFFICE OF ALAN C.

3

TRACHTMAN
48 Wall Street, 11th Floor
New York, NY 10005
Tel: 212-918-4750
Fax: 212-202-4961
act@traxlaw.com


By: s/ Morgan P. Theodore
MORGAN P. THEODORE
Fla. Bar No. 70188


## CERTIFICATE OF SERVICE

I hereby certify that on December 3, 2018, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this 3rd day of December, 2018 on all counsel of record or *pro se* parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

*/s/ Morgan P. Theodore*

Morgan P. Theodore

4