UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.: 16-cv-20924-MARTINEZ/GOODMAN

DONNA INCARDONE, *et al.*,

    Plaintiffs,

vs.

ROYAL CARIBBEAN CRUISES, LTD.,

    Defendant.

_____/

**DEFENDANT'S MEMORANDUM IN SUPPORT OF ATTORNEYS' FEES AND COSTS**

    Defendant, Royal Caribbean Cruises, Ltd. ("Royal Caribbean"), files this memorandum regarding its attorneys' fees and costs pursuant to the Order [ECF No. 286]. The total amount of claimed attorneys' fees and costs at this time is **$46,629.50**, which is comprised of the initial claimed amount ($44,513.50) [ECF No. 224], minus the voluntary reduction ($4,789.50) set forth below, plus the additional attorneys' fees and costs incurred since the initial fee application ($7,265.50). Royal Caribbean submits that only Plaintiffs' counsel, and not Plaintiffs themselves, should be responsible for the attorneys' fees and costs at issue.

**MEMORANDUM**

    Plaintiffs' response takes an overly narrow view of the relief this Court granted Royal Caribbean as a result of Plaintiffs' counsel's decision to switch experts. Plaintiffs' counsel retained Dr. Alice Siegel, Dr. Gabriela Hohn, Dr. M. Margaret Whelley, and Dr. Janine Tiago to evaluate the adults and children in order to offer expert opinions about the injuries and damages each Plaintiff claimed. This is a large and complex case, and Drs. Whelley and Tiago examined

the lion's share of the Plaintiffs. Their opinions formed the basis of Plaintiffs' life-care planning expert (Forman) and economist experts' (Raffa and Fabricant) opinions. All of Plaintiffs' experts' opinions built off these initial psychological opinions. Their work and opinions also affected the discovery served in the case and Royal Caribbean's experts' work, including Dr. Tierney. That is why many of the time entries relate to discovery, Forman, Fabricant, and Dr. Tierny and do not necessarily mention Dr. Whelley and Dr. Tiago specifically. In other words, Dr. Whelley and Dr. Tiago were inextricably intertwined with all of the psychological, life care, and economist experts' work, analysis, strategy, discovery, briefing, hearings, and other related matters. Plus, the late withdrawal of Dr. Whelley and Dr. Tiago had lasting impacts on the case that had to continue to be unwound and cleaned up long after they were withdrawn as experts.

Replacing Drs. Tiago and Whelley was not a simple swap-out, and Plaintiffs' new expert opinions had a domino effect on their other experts. The attorneys' fees Royal Caribbean sought account for this reality and are, quite frankly, modest and reasonable based on the substantial task of switching expert witnesses at such a late stage in the game.[1] The Court should award Royal Caribbean its fees and costs as outlined in the invoices.

Plaintiffs are not entitled to the fully un-redacted invoices as they contain billing entries that are not relevant to the replacement of Dr. Whelley and Dr. Tiago. Royal Caribbean partially redacted six (6) total entries on grounds of attorney-client and work product privilege that it did not waive. Those partial redactions do not prevent the Court from making a meaningful review of the invoices, which Royal Caribbean was ordered by the Court to submit. Royal Caribbean exercised proper billing judgment and claimed time spent on matters that arose from the involvement of Dr. Whelley and Dr. Tiago, whose work is central to the Plaintiffs' claims. Those entries contain sufficient detail for the Court to make its own determination. The Court should

---

[1] Plaintiffs do not challenge the undersigned's hourly rates.

award Royal Caribbean the claimed attorney's fees and costs, which were a natural consequence of Plaintiffs' failed relationship with their own experts.

### I. Royal Caribbean has not waived privilege over its partially-redacted invoices.

The Court's order was clear: Royal Caribbean was to submit its bill of costs for "all costs and attorney's fees arising from the involvement of" Dr. Whelley and Dr. Tiago. Royal Caribbean's invoices for legal fees in this case included additional items that were not relevant to the Court's Order, and were not claimed by Royal Caribbean here. Those items were fully redacted and they are irrelevant to the replacement of both doctors.

Plaintiffs argue that Royal Caribbean is the party that put its fees and costs at issue, and thereby waived its attorney-client and work product privilege to the six partially-redacted billing items. Plaintiffs improperly want to peak behind the curtain. Plaintiffs allege that this constituted an "at issue" waiver, which applies when a party "injects into the case an issue that in fairness requires an examination of otherwise protected communications." *Latele TV, C.A. v. Telemundo Commun. Group, LLC*, 2014 WL 5529403, at *11 (S.D. Fla. Nov. 3, 2014) (quoting *Cox v. Adminstr. U.S. Steel & Carnegie*, 17 F.3d 1386, 1419 (11th Cir. 1994), opinion modified on reh'g, 30 F.3d 1347 (11th Cir. 1994)). Plaintiffs' argument is specious and factually inaccurate. Royal Caribbean sought discovery in this case. Plaintiffs' experts refused to provide that discovery. The doctors' refusal ultimately led Plaintiffs to replace them.

As such, it is the Plaintiffs, and not Royal Caribbean, who put the issue in question when they moved to replace their own experts after the relationship broke beyond repair. As was explained by Magistrate Judge Goodman in the R&R:

> The Undersigned is not finding that Plaintiffs' attorneys did anything wrong or that they are being sanctioned or disciplined. To the contrary, this recommendation for a fee-shifting and cost-shifting award is simply a *consequence* of the inescapable reality that Plaintiffs are asking to substitute

experts at the eleventh hour and after RCCL incurred significant fees and costs. If the Court were to not impose a fee-shifting and cost-shifting award, then RCCL would be compelled to pay the unnecessary fees and costs. *Someone* has to be financially responsible for the unnecessary fees and costs created by the expert witness substitution. It should not be the fault-free party, which is why RCCL should be entitled to full reimbursement of fees and costs. (Italics in original R&R.)

It is well settled that the law disfavors waiver of the attorney-client privilege.[2] *Coates v. Akerman, Senterfitt & Eidson, P.A.,* 940 So. 2d 504, 508 (Fla. 2d DCA 2006). Communications between a lawyer and client are confidential if they are not intended to be disclosed to third persons. Fla. Stat. § 90.502(1)(c). The privilege allows a client to refuse to disclose the contents of confidential communications when another person learned of them because they were made in the course of legal services to the client. Fla. Stat. § 90.502(2) & (3).

When billing statements have the potential to reveal an attorney's mental impressions and opinions to opposing counsel, those billing statements are protected from discovery by the attorney client privilege. *See, e.g., Grasso v. Grasso*, 2015 WL 12915710, at *1 (M.D. Fla. Sept. 16, 2015); *Old Holdings, Ltd. v. Taplin, Howard, Shaw & Miller, P.A.*, 584 So.2d 1128, 1128 (Fla. 4th DCA 1991); *Finol v. Finol*, 869 So.2d 666, 666 (Fla. 4th DCA 2004); *Corry v. Meggs,* 498 So.2d 508 (Fla. 1st DCA 1986), *rev. denied,* 506 So.2d 1042 (Fla. 1987); *State v. Rabin,* 495 So.2d 257 (Fla. 3d DCA 1986); *Skorman v. Hovnanian of Florida, Inc.,* 382 So. 2d 1376 (Fla. 4th DCA 1980); *Sporck v. Peil,* 759 F.2d 312 (3d Cir. 1985) *cert. denied,* 474 U.S. 903 (1985). As these cases demonstrate, the partially-redacted attorney-client and attorney impressions contained in internal legal invoices between Royal Caribbean and its counsel were not intended

---

[2] Because this case is in federal court in part under federal diversity jurisdiction [ECF. No. 55], Florida state law governs the attorney-client privilege issues, and federal law governs the work product doctrine issues. *Milinazzo v. State Farm Ins.,* 247 F.R.D. 691, 696–700 (S.D. Fla. 2007) (citing E. Epstein, *The Attorney–Client Privilege and the Work–Product Doctrine,* 1131–32 (5th ed. 2006)); *see also* Fed. R. Evid. 501. The Court in *Milinazzo* held that issues that arise from attorney-client communication are substantive and governed by the forum state's law, and issues that arise from the work product doctrine are procedural and governed by federal law. *Id.*

to be disclosed to third persons and should be protected by this Court.

Plaintiffs improperly request that the Court order Royal Caribbean to submit un-redacted invoices. Their request as phrased could be read to include material that was not claimed by Royal Caribbean and is not relevant to the limited category of attorney's fees and costs allowed under the Order. Reviewing the un-redacted invoices, even those that were partially-redacted under a claim of privilege, would give Plaintiffs valuable insight into how Royal Caribbean is defending these claims, what issues it has focused on, and what strategies it has undertaken. Royal Caribbean would be unfairly prejudiced by such a disclosure.

Further, waiver only occurs "when a party 'raises a claim that will *necessarily* require proof by way of a privileged communication.'" *Coates,* 940 So.2d at 508 (quoting *Jenney v. Airdata Wiman, Inc.,* 846 So.2d 664, 668 (Fla. 2d DCA 2003)) (emphasis in original). A party does not waive the privilege simply by defending a lawsuit. *Id.* Here, Royal Caribbean did not raise a claim that necessarily requires proof through the full disclosure of its invoices without any redaction. The redactions of these six limited items do not prevent the Court from properly analyzing the claimed charges. The claimed fees and costs can be analyzed and awarded with the information already disclosed.

The legal invoices are also protected by the work product privilege. *Auto Owners Ins. Co. v. Totaltape, Inc.*, 135 F.R.D. 199, 201 (M.D. Fla. 1990). Federal Rule of Civil Procedure 26 provides that a party may not discover documents and tangible things prepared in anticipation of litigation or for trial by or for another party or its representative, including the other party's attorney, consultant, surety, indemnitor, insurer, or agent. Fed. R. Civ. P. 26(b)(3)(A). The federal standard governing "at issue" only occurs where the claim or defense requires examination of protected communications. *Chick–fil–A v. ExxonMobil Corp.,* 2009 WL

3763032, at *11 (S.D. Fla. Nov. 10, 2009) (quoting *United States v. Bilzerian,* 926 F.2d 1285, 1292 (2d Cir.1991)). Again, the Court can adjudicate Royal Caribbean's fees and costs without any further disclosures. Such disclosures would unfairly prejudice Royal Caribbean because of Plaintiffs' actions.

Further, an "at issue" waiver applies when a party injects the work-product directly into the litigation and makes it necessary to prove an element of a claim or defense. *MapleWood Partners, L.P. v. Indian Harbor Ins. Co.*, 295 F.R.D. 550, 624 (S.D. Fla. 2013); *Cox v. Adminstr. U.S. Steel & Carnegie*, 17 F.3d 1386, at 1422–23 (11th Cir. 1994), *opinion modified on reh'g*, 30 F.3d 1347 (11th Cir. 1994). As Magistrate Judge Goodman made clear, Royal Caribbean is the fault-free party on this issue. Plaintiffs' experts refused subpoenas, refused requests for depositions, refused to comply with the Court's order, and had to be replaced by Plaintiffs' counsel on Plaintiffs' own Motion. The fee-sharing or cost-shifting award was granted by the Court as a direct result of actions by Plaintiffs' experts and by Plaintiffs themselves when they moved the Court to replace their own experts. Royal Caribbean did not inject the issue into this case, and Plaintiffs' request that the Court order redaction of six partially-redacted items is unnecessary.

Lastly, the six partially-redacted invoices leave more than sufficient information for the Court to determine their relevance to Dr. Whelley and Dr. Tiago. Just as an example, an entry from February 9, 2018, the un-redacted portion reads as follows, "Analyze what to do with plaintiffs' noncompliance concerning expert and expert issues; discuss with W. Seitz." The remaining partially-redacted items all contain equally sufficient information as this billing item for the Court to adjudicate.

## II. Royal Caribbean exercised billing judgment and has only sought recovery for work related to Drs. Tiago and Whelley

Plaintiffs contend that Royal Caribbean did not use billing judgment by submitting billing entries for work that was not related specifically to Dr. Whelley and Dr. Tiago. Plaintiffs' response makes clear that they only believe time entries are relevant if they expressly have the doctors names in them. This argument is not only specious, but it ignores the express language of the Court's Order, which states that "Plaintiff shall pay the defendant for all costs and attorney's fees arising from the involvement of the two originally named expert psychologists."

This fact is underscored by Magistrate Judge Goodman's R&R:

> To complicate matters even further, Plaintiffs' vocational rehabilitation expert's opinion is based on the test results and examinations of the two psychologists who have not yet been substituted. RCCL has requested the opportunity to take the depositions of Plaintiffs' vocational rehabilitation expert again, after that expert reviews the work done by the new experts. The Undersigned views this request as entirely reasonable and logical.

This example underscores the interconnectedness of Plaintiffs' experts, and explains why Royal Caribbean included the billing entries it did. Plaintiffs' experts worked together, and their work was relied upon by nearly every other expert the Plaintiffs retained. In most cases, their work formed the bases for Plaintiffs' other experts' reports. Adding new psychiatric experts had a cascading effect on other discovery issues in the case, particularly relating to Plaintiffs' other experts and the continuance of the trial. The billing judgment rule only requires the party seeking fees to exclude those hours that would be unreasonable to bill to a client. *Norman v. Housing Authority of City of Montgomery*, 836 F.2d 1292, 1301 (11th Cir. 1988). All these time entries are patently reasonable. Further, Plaintiffs contend that many entries are too vague and not specific. Again, Plaintiffs are essentially challenging any time entry that does not directly and expressly refer to either Dr. Tiago or Dr. Whelley by name. Courts should only discount time

entries that are "overly vague." *Wendel v. USAA Cas. Ins. Co.*, 2009 WL 1971451, *3-4 (M.D. Fla. July 8, 2009) (repeated description "receive and review facsimile" too vague). Royal Caribbean's billing entries are sufficiently detailed.

The deposition testimony of Lawrence Forman ("Forman"), Plaintiffs vocational rehabilitation expert, makes the interconnectedness of Plaintiffs' experts even clearer.

> Q: So, for example, when you did your reports in this case, it's based upon information given to you by a treating psychiatrist; is that correct?
> A: I don't know if they're treating or not, but I know it's (sic) one psychiatrist, I know the rest were psychologists, and I relied almost 100 percent on what they said.

[Deposition Transcript of Lawrence Forman, pg. 19, lines 10 - 17, attached as Exhibit D.]

Later, Forman explained the import of Dr. Whelley, Dr. Tiago, and Dr. Hohn opinions to his work, and demonstrated how central they were to the work of the other experts in this case, like economist Frederic Raffa ("Raffa").

> Q: Which of your publications would you say are relevant to the analysis you did in this case?
> A: Okay. Remember the analysis in this case that I did was simply to acquire the information from the psychiatrist and psychologist. I did not do an independent analysis. My objective was to get the frequency and duration from them and my objective was based upon what they said, follow their directions and determine where the care would be provided.

[Exhibit D, pg. 28, lines 14 – 24.]

Later on he continues:

> Q: What -- for the analysis you did in this case, what standards effect (sic) it?
> A: No, I really was compliant with my standard in this case. To accept verbatim what the psychiatrist and the psychologist said. At their direction, to carry out their recording of their recommendations. To -- at my request, to get the cost to go along with it, and then I believe somehow got to the economists. I didn't send it to them.

[Exhibit D, pg. 34, lines 24 – 25 through pg. 35, lines 1 – 8.]

Forman's work was entirely reliant on the work of the team of Dr. Höhn, Dr. Whelley, and Dr. Tiago. Raffa's work was also entirely reliant on the evaluations done by the retained experts since he was merely crunching numbers from Forman's report. Dr. Höhn testified at

deposition that the team worked collaboratively on the evaluations, and those evaluations were sent to and relied upon by nearly every other expert in Plaintiffs' case. These evaluations form the basis for Plaintiffs' claims. Plaintiffs' position that Royal Caribbean should only be allowed to bill for work directly related to Dr. Whelley and Dr. Tiago is untenable and runs counter to the Court's Order. The fact that Royal Caribbean took care to redact unrelated billing entries is proof that Royal Caribbean exercised billing judgment before submitting its bills to the Court. The testimony of Plaintiffs' counsel and Plaintiffs' own self-selected experts is proof that Royal Caribbean exercised reasonable billing judgment and only submitted bills to the Court that arose out of the involvement of Dr. Whelley and Dr. Tiago. Further, numerous time entries relating to discovery hearings, continuances, and the like were the result of Drs. Tiago and Whelley. These entries are related to their substitution.

Plaintiffs' argument that Royal Caribbean should have submitted an affidavit in support of their bills is incorrect. The Court is fully qualified to make this determination without any further submissions. The invoices were submitted pursuant to the Court Order under signature of counsel.[3] Additionally, the Court is able to determine the reasonableness of attorney's fees on its own, and "may consider its own knowledge and experience concerning reasonable and proper fees and may form an independent judgment either with or without the aid of testimony of witnesses as to value." *Machado v. Da Vittorio, LLC,* 2010 WL 2949618, at *2 (S.D. Fla. July 26, 2010) (quoting *Campbell v. Green,* 112 F.2d 143, 144 (5th Cir.1940)). The Court has broad discretion in determining the reasonableness of fees incurred. *Squire v. Geico Gen. Ins. Co.*, 2013 WL 474705 (S.D. Fla. 2013). In this instance, the Court has been provided with invoices that are sufficient to allow the Court to award the requested fees and costs.

---

[3] This memorandum is additionally verified in accordance with Local Rule 7.3.

### III. Paralegal time is recoverable as a matter of law.

Beyond challenging the time entries generally as unrelated to Drs. Tiago and Whelley, Plaintiffs contend much of the work is clerical/secretarial in nature, and unrecoverable. Paralegal fees are recoverable. *Jean v. Nelson*, 863 F.2d 759, 778 (11th Cir. 1988). Work by paralegals is recoverable to the extent that the paralegal performs work traditionally done by an attorney. *Wendel v. USAA Cas. Ins. Co.*, 2009 WL 1971451, *4 (M.D. Fla. July 8, 2009) "To hold otherwise would be counterproductive because excluding reimbursement for such work might encourage attorneys to handle entire cases themselves, thereby achieving the same results at a higher overall cost." *Nelson*, 863 F.2d at 778. Clerical or secretarial work typically involves such things as making copies or sending faxes. *Wendel*, 2009 WL 1971451 at *4. Royal Caribbean has not sought recovery for any such entries. The time entries are of work typically done by lawyers.

### IV. Plaintiffs' specific objections to the time entries claimed by Royal Caribbean are disingenuous.

Exhibit 1 to Plaintiffs' Response [ECF No. 230-1] objects to the specific time entries claimed by Royal Caribbean. Those objections are disingenuous. For example, Plaintiff objects to the time entries preparing for and attending the hearing that led to the R&R and Order that led to the award of attorneys' fees and costs. But one example is where undersigned counsel bills to "assess issues relating to show cause order for Dr. Whelley and Dr. Tiago." Plaintiffs object to that time on the grounds that the time entry is not specific and not subject to the fee order. [ECF No. 230-1, p. 14]. That time entry was made at the time this Court entered its Second R&R regarding the experts at issue. That is an example of the types of objections Plaintiffs' are making.

Plaintiffs also claim that there was double billing for certain tasks. That is incorrect. There might be multiple attorneys' and paralegals working on matters relating to Dr. Tiago and

Dr. Whelley. This is because there are 22 plaintiffs and multiple experts in this case. It is not uncommon to have multiple attorneys work on a case. Further, it is common to have two attorneys at a hearing, especially when there are multiple issues set for hearing at the same time. It is also common to have multiple attorneys working on reviewing discovery, especially given the voluminous nature of it in this case. Finally, as the invoices show, counsel rarely bills to have a conference or meeting, but that is also common when there are multiple attorneys working on a case. Meetings and conferences are required from time-to-time to coordinate efforts and, to in fact, to promote efficient work division.

Royal Caribbean's position why all of the claimed time is related to Dr. Tiago and Dr. Whelley and the necessary work associated with them is set forth above. Additionally, Royal Caribbean believes that the time entries are clear and speak for themselves. However, in the interest of providing more explanation of some of the time entries, Royal Caribbean generally addresses Plaintiffs' objections below:

| Plaintiffs' Objection No. | Dates | Explanation |
|---|---|---|
| 1-221 | 7/17/2017-2/20/2018 | This was the time period leading up to the ultimate withdrawal of Dr. Tiago and Dr. Whelley. During this time, Royal Caribbean was still trying to obtain discovery from Plaintiffs relating to Dr. Tiago and Dr. Whelley and from the doctors themselves. Meanwhile, Plaintiffs' life care planning expert and economist experts were relying on Dr. Tiago and Dr. Whelley's reports. Likewise, Royal Caribbean's expert, Dr. Tierney, was assessing their reports and working with Royal Caribbean to rebut their opinions. Because there are 22 plaintiffs and these are the principal expert witnesses in the case, a lot of work was done in this regard. There were also Rule 7.1 conferences, correspondence, pleadings, and other documents relating to the court proceedings to compel and obtain documents from Dr. Tiago and Dr. Whelley. There was also Plaintiff's request to substitute them. The time entries claimed during that period related to those various tasks. |

|  |  |  |
|---|---|---|
|  |  | Plaintiffs claim that the 1/18/18 hearing relates to CME issues. However, the hearing concerned Dr. Siegel and Dr. Whelley depositions and discovery in addition to other matters [ECF No. 188]. Relatedly, the time entries for obtaining overdue discovery from Plaintiffs relates to expert discovery, including Dr. Whelley and Dr. Tiago as reflected in the Discovery Hearing Notice [ECF No. 188]. |
| 222-253 | 2/20/18-11/28/18 | The Second R&R [ECF No. 208] and the Order adopting it [ECF No. 222] were entered. These order related to this vary fee issue. There were related objections and briefing that was done. Additionally, Royal Caribbean had to get additional records from and re-depose Forman because of the substitution of expert witnesses. Royal Caribbean was also attempting to get documents from the removed witnesses, Dr. Tiago and Dr. Whelley, pursuant to previously issued subpoenas duces tecum. Royal Caribbean had to work with its expert, Dr. Tierney to address the change in experts. Trial strategy likewise had to be changed.<br><br>There were references to the motion to continuance and related work. The motion to continue was filed by Plaintiffs because of their withdrawal of Dr. Whelley and Dr. Tiago. All of that work was necessitated by Plaintiffs' withdrawal of them.<br><br>It should be pointed out that Royal Caribbean is not seeking fees and costs for deposing Plaintiff's replacement expert, Dr. Lubit. Instead, Royal Caribbean is seeking fees and costs relating to work done in relation to the withdrawn experts and the legal work to try to compel their compliance with discovery, including the related briefing and court hearings. |

### V. **Royal Caribbean is entitled to recover additional attorneys' fees and costs since it initially filed the Notice.**

The Order provides that Royal Caribbean is allowed to recover the additional attorneys' fees and costs associated with this briefing. [ECF No. 286]. That amount of those additional attorneys' fees and costs is $7,265.50, which is evidenced by the invoice attached hereto as Exhibit 1.

## VI. Royal Caribbean agrees to voluntarily withdraw some of the claimed entries.

While Royal Caribbean maintains that the experts' work was so intertwined that all originally claimed fees and costs are recoverable, Royal Caribbean voluntarily withdraws the claimed fees identified in the following numbered objections set forth in Plaintiff's Response [ECF No. 230-1] in the interest of compromise: 21, 32-34, 44, 54, 81, 86, 135-140, 158, 165-868 193, 217, 231, 242, 243, and 245. That leads to a total voluntary reduction of the claimed attorneys' fees and costs of $4,789.50.

## VII. Plaintiffs do not challenge the qualifications of Royal Caribbean's attorneys.

Plaintiffs did not challenge the qualifications or rates of Royal Caribbean's attorneys and paralegals. However, in an abundance of caution, the following is a description of the position of the people identified in the billing records and their positions in the firm:

| Shareholders | Associate Attorneys | Paralegals |
|---|---|---|
| Curtis Mase (CJM) | Jeffrey A. Caisse (JAC) | Patricia Moghari (PAM) |
| Thomas Briggs (TAB) | Thomas Graham (TG) | Natalie Duquesne (ND) |
| William Seitz (WS) | Jarret McNeil (JMN) | Jessica Blom (JLB) |
| Cameron Eubanks (CE) | | Mikael Arista-Salado (SMA) |
| | | Jennifer Martinez (JDM) |

## CONCLUSION

The Court should deny Plaintiffs' requests. The partially-redacted invoices are subject to the attorney-client and work product privilege, and do not prevent the Court from conducting a meaningful review of the invoices. Royal Caribbean exercised proper billing judgment and claimed time spent on matters that arose from the involvement of Dr. Whelley and Dr. Tiago, whose work is central to the Plaintiffs' claims. Those entries contain sufficient detail for the Court to make its own determination. The Court should award Royal Caribbean the claimed attorney's fees and costs, which were a natural consequence of Plaintiffs' failed relationship with

their own experts. The total amount of claimed attorneys' fees and costs at this time is **$46,629.50**, which is comprised of the initial claimed amount ($44,513.50), minus the voluntary reduction ($4,789.50), plus the additional attorneys' fees and costs associated with this briefing ($7,265.50).

## S.D. Fla. L.R. 7.3 Verification

We, Thomas Briggs and William Seitz, are attorneys for Royal Caribbean. We have personal knowledge of the attorneys' fees and costs claimed. We have read the foregoing and know the contents thereof to be true and correct to the best of our information and belief.

A good faith effort to resolve the issues described herein was made pursuant to L.R. 7.3(b). Plaintiffs' counsel did not agree to any of the fees and costs claimed except those designated in their previous Response. Royal Caribbean agreed to withdraw some of its claimed fees described above.

*/s/ Thomas A. Briggs*
THOMAS A. BRIGGS

*/s/ William Seitz*
WILLIAM SEITZ

CASE NO.: 16-cv-20924-JEM

Respectfully submitted,

MASE MEBANE & BRIGGS, P.A.
2601 South Bayshore Drive, Suite 800
Miami, Florida  33133
Telephone:  (305) 377-3770
Facsimile:   (305) 377-0080

By:   /s/ *William Seitz*
     CURTIS J. MASE
     Florida Bar No.: 478083
     cmase@maselaw.com
     THOMAS A. BRIGGS
     Florida Bar No. 663034
     tbriggs@maselaw.com
     WILLIAM R. SEITZ
     Florida Bar No.: 73928
     wseitz@maselaw.com

## **CERTIFICATE OF SERVICE**

I hereby certify that on January 14, 2019, a true and correct copy of the foregoing was served by CM/ECF on all counsel or parties of record on the Service List below.

     */s/ William Seitz*
     WILLIAM SEITZ

15
MASE MEBANE & BRIGGS

CASE NO.: 16-cv-20924-JEM

# SERVICE LIST

**John B. Ostrow, Esq.**
**Morgan P. Theodore, Esq.**
JOHN B. OSTROW, P.A.
777 Brickell Avenue, Suite 400
Miami, FL 33131
Tel: (305) 358-1496
Jostrow@bellsouth.net
JBOassist@gmail.com
Morgantheodoreesq@gmail.com
yaymicelcheung@gmail.com
*Attorneys for Plaintiff*

and

**Alan C. Trachtman, Esq.**
LAW OFFICE OF ALAN C. TRACHTMAN
48 Wall Street, 11th Floor
New York, NY 10005
Tel: (212) 918-4750
act@traxlaw.com
*Attorneys for Plaintiff*

18907/#5155