# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
## MIAMI DIVISION

### CASE NO. 16-20924-CIV-MARTINEZ/GOODMAN

DONNA INCARDONE, et al.,

     Plaintiffs,

v.

ROYAL CARRIBEAN CRUISES, LTD.,

     Defendant.

_____/

## REPORT AND RECOMMENDATIONS ON PLAINTIFFS' MOTION IN LIMINE TO PRECLUDE AFFIRMATIVE DEFENSE EVIDENCE AND ARGUMENT

Plaintiffs filed a motion in limine to prevent Defendant Royal Caribbean Cruises, Ltd. ("RCCL") from introducing evidence and presenting argument about its affirmative defenses. [ECF No. 274]. They say that RCCL's thirteen affirmative defenses are "without supportive facts and fail to meet pleading standards." [ECF No. 274, p. 2]. Plaintiffs argue that RCCL has been "hiding the ball" and has "prevented [them] from conducting discovery and otherwise preparing responses to the affirmative defenses." *Id.* They brand RCCL's behavior as "trial by ambush." *Id.*

RCCL opposes the motion in limine and argues that it is actually "an improperly disguised motion for summary judgment" which Plaintiffs failed to file months earlier, when the deadline to do so expired. [ECF No. 296, p. 1]. RCCL says its affirmative

defenses *are* properly pled and takes the legal position that affirmative defenses need not meet the heightened pleading standard used to assess complaints.

RCCL contends in its succinct three-page opposition that Plaintiffs are on notice of the defenses which it intends to assert at trial and similarly argues that Plaintiffs have learned about the affirmative defenses through discovery. RCCL did not, however, explain *how* Plaintiffs allegedly learned about the defenses in discovery and did not submit any exhibits (such as deposition testimony or documents it produced or received) to illustrate the specific way in which Plaintiffs supposedly learned the factual support and substance supposedly underlying the defenses.

U.S. District Judge Jose E. Martinez referred Plaintiffs' motion in limine to the Undersigned. [ECF No. 376]. For the reasons outlined in greater detail below, the Undersigned **respectfully recommends** that Judge Martinez **grant in part in** and **deny in part** Plaintiffs' motion in limine. Given this ruling, the omnibus hearing scheduled for July 9, 2019 [ECF No. 380] will not address this motion in limine and the parties should not submit any under-seal questions (if they choose to submit any at all, as authorized by ECF No. 369) about this motion in limine.

## I.    Background

Plaintiffs, a group of autistic children and their families, seek compensation for alleged psychological injuries they sustained when their cruise on RCCL's *Anthem of the Seas* encountered a winter storm with hurricane-force winds. [ECF Nos. 243, p. 1; 247, p.

1]. Plaintiffs allege that RCCL negligently and recklessly sailed the *Anthem of the Seas* into the path of the storm even though it received severe weather warnings prior to embarking and knew its propulsion system would experience difficulties in severe weather. [ECF No. 55, ¶¶ 14-16, 27]. RCCL argues that the storm was an unexpected Act of God and that Plaintiffs cannot recover under maritime law for the stand-alone emotional distress damages they are claiming. [ECF No. 241, p. 2].

RCCL filed an Answer and Affirmative Defenses to Plaintiffs' Second Amended Complaint. [ECF No. 61]. In its Answer, RCCL raised sixteen "Affirmative Defenses." [ECF No. 61, ¶¶ 41-56]. According to Plaintiffs, RCCL failed to provide facts necessary to support its alleged Affirmative Defenses. Plaintiffs propounded interrogatories seeking to discover what facts Defendant intended to rely upon in support of the Affirmative Defenses. [ECF Nos. 61, ¶¶ 42, 43, 45, 46, 47, 53, 54, 55, 56; 274-1].

RCCL responded to Plaintiffs' interrogatories, objecting to the request for supportive facts. [ECF No. 274-1]. In a May 5, 2017 hearing, the Undersigned agreed with Plaintiffs that factual support *was* necessary to sustain the affirmative defenses. [ECF No. 85, pp. 24-28]. The Undersigned required RCCL to supplement the interrogatory responses by stating (if accurate) that it did not at the time have facts to support its Affirmative Defenses but intended to develop them in discovery. The Undersigned also noted that Plaintiffs could move to strike the Affirmative Defenses if no supportive facts were ultimately submitted by Defendant. I also noted that RCCL

might withdraw one or more affirmative defenses if it did not develop the evidentiary support.

Specifically, I explained that RCCL "need[s] to either have facts to support it [i.e., an affirmative defense] or you don't. So Mr. Ostrow [Plaintiffs' counsel] is **entitled to learn the facts**." [ECF No. 85, p. 27 (emphasis added)]. In a post-hearing administrative order, I ordered RCCL to provide Plaintiffs with an under-oath response "indicating whether it has any facts to support each affirmative defense referenced in Plaintiffs' Second Interrogatories." [ECF No. 69, p. 2].

On September 20, 2017, Plaintiffs' counsel emailed the Defendant, again seeking supportive facts for the Affirmative Defenses. [ECF No. 274-2]. RCCL failed to respond with any supportive facts. Plaintiffs filed a Motion to Strike the Affirmative Defenses on December 7, 2017 and a renewed motion on December 26, 2017. [ECF Nos. 159; 165]. On December 21, 2017, RCCL filed a Response to Plaintiffs' initial motion and an Amended Answer to the Complaint. [ECF Nos. 163; 164]. The Amended Answer (to the Second Amended Complaint, ECF No. 55) is identical to the original Answer, except RCCL dropped three of the Affirmative Defenses. [ECF No. 164].

RCCL's Affirmative Defenses to the Second Amended Complaint are found in paragraphs 41 through 53 of its Answer, and the Undersigned quotes them verbatim:

**AFFIRMATIVE DEFENSES**

41. The Plaintiff(s) claims are barred in whole or in part because the Complaint fails to state a claim upon which relief can be granted.

42. The Plaintiff(s) own negligence was the sole proximate cause of his/her injuries and damages and, accordingly, the Plaintiff(s) claims are barred as a matter of law.

43. The Plaintiff(s) own negligence contributed to the subject accident and his/her injuries and damages and, accordingly, any award to the Plaintiff(s) must be reduced in proportion to his/her own comparative negligence.

44. Defendant had no notice or knowledge of the alleged unreasonably dangerous conditions.

45. Defendant fully discharged any duty to Plaintiff(s) by warning him/her of anticipated heavy weather.

46. The Plaintiff(s) failed to seek timely and/or appropriate medical treatment for his/her alleged injuries, and/or failed to follow the advice of his/her doctors which failure caused/exacerbated his/her alleged injuries.

47. The Plaintiff(s) have failed to mitigate his/her damages.

48. The Plaintiff(s) injuries and/or damages are the result of the aggravation of (a) prior injury(ies) and/or condition(s).

49. Prior to the alleged incident, Defendant did not have actual or constructive notice of the severity of weather encountered.

50. To the extent applicable, any award of damages to the Plaintiff(s) must be reduced for any collateral source payments and payments made and received from Defendant.

51. The alleged injuries and damages, if any, of the Plaintiff(s) and the derivative injury and damages, if any, of the Plaintiff(s) were proximately caused by a pre-existing condition or injury and/or by actions of others or events separate, distinct, unrelated and remote to any action or inaction of this Defendant, which said separate distinct unrelated actions of others or events or accidents were the sole proximate cause of Plaintiff(s) alleged injuries and damages, if any, for which Defendant cannot be liable.

52. Pursuant to paragraph 11(a) of the passenger ticket contract (an exemplar of which is attached hereto as Exhibit "1"), Defendant is not be liable for an Act of God or peril of the sea or any other cause beyond Defendant's reasonable control or any act not shown to be caused by Defendant's negligence.

53. The risk creating condition(s) which Plaintiff(s) allege caused his/her injuries was open and obvious and should have been observed by the Plaintiff(s) through the ordinary use of his/her senses.

[ECF No. 164, pp. 3-5].

Judge Martinez referred the motion in limine to the Undersigned. [ECF No. 376]. In a later order, Judge Martinez noted that his May 24, 2018 order [ECF No. 220] revising the trial scheduling order established a December 3, 2018 deadline for filing "all pretrial motions and memoranda of law, such as motions in limine." [ECF No. 383]. Plaintiffs' motion in limine concerning the affirmative defenses was filed on December 3, 2018; so, it is timely.

RCCL's December 17, 2018 response in opposition to Plaintiffs' motion in limine consists of only three pages. [ECF No. 300]. No part of the response explains how RCCL provided discovery about the facts supporting its affirmative defenses in the two and a half years since the Undersigned ruled that Plaintiffs are entitled to learn the facts supporting the affirmative defenses. For example, a purely hypothetical illustration of the type of response RCCL might have asserted but did not will demonstrate the significance of what was omitted. The opposition response did not contend that its second affirmative defense -- that Plaintiffs were themselves negligent -- is factually

supported through an RCCL witness who testified that the ship repeatedly broadcast instructions that all passengers should return to their cabins but that specific Plaintiffs ignored that warning and ventured out onto the deck anyway during the hurricane-force winds.

## II. Applicable Legal Standards and Analysis

### a. Affirmative Defenses: What Are They?

An affirmative defense is a defense "that admits to the complaint, but avoids liability, wholly or partly, by new allegations of excuse, justification or other negating matters." *Bluewater Trading LLC v. Willmar USA, Inc.*, No. 07–61284–CIV, 2008 WL 4179861, at * 1 (S.D. Fla. Sept. 9, 2008). Phrased slightly differently, it is "something that, if proven, will reduce or eliminate a plaintiff's recovery even if the plaintiff established a prima facie case." *F.D.I.C. v. Stovall*, No. 2:14-cv-00029, 2014 WL 8251465, at *2 (N.D. Ga. Oct. 2, 2014). "For example, responding that plaintiff's complaint fails to state a claim upon which relief may be granted—the standard for dismissal under Rule 12(b)(6)—or that defendants did not owe plaintiff a duty does not raise an affirmative defense." *Id.* at *2.

A defense which "points out a defect in the plaintiff's prima facie case is not an affirmative defense." *See In re Rawson Food Serv., Inc.*, 846 F.2d 1343, 1349 (11th Cir. 1988). Neither is a defense that denies an allegation in the plaintiff's complaint. *See CI Int'l Fuels, LTDA v. Helm Bank, S.A.*, No. 10–20347–CIV, 2010 WL 3368664 (S.D. Fla. Aug.

23, 2013) ("[A] a defendant occasionally may label his negative averment as an affirmative defense rather than as a specific denial.") (quotation omitted); *see also Perlman v. Wells Fargo Bank, N.A.*, No. 10-81612, 2014 WL 4449602, at *2 (S.D. Fla. Sept. 10, 2014) (explaining that courts typically strike a denial incorrectly asserted as an affirmative defense).

These defenses are sometimes referred to as "negative" defenses because they are simply an attack on a party's prima facie case. *See, e.g., Mister v. Dart*, No. 13-cv-1578, 2014 WL 2922830, at *2 (N.D. Ill. June 26, 2014) (citing *Riemer v. Chase Bank USA, N.A.*, 274 F.R.D. 637, 639 (N.D. Ill. 2011) ("[A] negative defense is an attack on a plaintiff's prima facie case.")); *see also Ford Motor Co. v. Transport Indem. Co.*, 795 F.2d 538, 546 (6th Cir. 1986) (stating that defenses which negate an element of the plaintiff's prima facie cases are "excluded from the definition of affirmative defense in Fed. R. Civ. P. 8(c)").

### b. Motions in Limine (In General)

The Federal Rules of Civil Procedure do not expressly mention a "motion in limine," and our District's Local Rules do not specifically discuss it either. Judge Martinez's trial scheduling orders (e.g., ECF Nos. 16 and 220) mention motions in limine, but only to establish deadlines. The orders do not impose substantive requirements or guidelines and likewise do not explain what types of scenarios or arguments may properly be addressed in a motion in limine.

A motion in limine allows the trial court to rule in advance of trial on the admissibility and relevance of certain forecasted evidence. *See Luce v. United States*, 469 U.S. 38, 40 n.2 (1984) (using the term in a broad sense to refer to any motion to exclude anticipated prejudicial evidence before the evidence is actually offered). A motion in limine presents a trial court with pretrial issues regarding admissibility of evidence that a party is likely to present at trial. *Bodner v. Royal Caribbean Cruises, Ltd.*, No. 17-20260, 2018 WL 2471215 (S.D. Fla. April 10, 2018). "The real purpose of a motion in limine is to give the trial judge notice of the movant's position so as to avoid the introduction of damaging evidence, which may irretrievably affect the fairness of the trial." *See id.* (citing *Begualg Inv. Mgmt., Inc. v. Four Seasons Hotel Ltd.*, No. 10-22153-CIV, 2013 WL 750309, at *1 (S.D. Fla. Feb. 27, 2013)).

Even when a trial court does rule in limine, its ruling "remains subject to reconsideration by the court throughout the trial" and the parties may renew their objections as appropriate. *Bodner*, 2018 WL 2471215, at *1 (citing *Stewart v. Hooters of Am., Inc.*, No. 8:04–cv–40–T–17–MAP, 2007 WL 1752843, at *1 (M.D. Fla. June 18, 2007)).

A motion in limine usually seeks to exclude evidence or argument, and that is what Plaintiffs seek here. "A court should exclude evidence *in limine* only when it is clearly inadmissible on all potential grounds." *United States v. Gonzalez*, 718 F. Supp. 2d 1341, 1345 (S.D. Fla. 2010) (citing *In re Seroquel Prods. Liab. Litig.*, No. 6:06-md-1769, 2009 WL 260989, at *1 (M.D. Fla. Feb. 4, 2009) (internal citations omitted)). "The movant has

the burden of demonstrating that the evidence is inadmissible on any relevant ground." *Id.* "Unless evidence meets this high standard, evidentiary rulings should be deferred until trial so that questions of foundation, relevancy, and potential prejudice may be resolved in proper context." *Id.* (internal citation omitted); *see also Zanakis v. Scanreco, Inc.*, No. 1:18-cv-21813, 2019 WL 2215861 (S.D. Fla. April 11, 2019), at *1 (noting that motions in limine are "traditionally disfavored because questions of admissibility should be dealt with at trial" but nevertheless granting in part a motion to strike a witness).

"Denial of the motion means the court cannot determine whether the evidence in question should be excluded outside the trial context." *Gonzalez*, 718 F. Supp. 2d at 1345. Further, "denial also does not necessarily mean that all evidence contemplated by the motion will be admitted at trial." *Id.* "At trial, the court may alter its ruling based on developments at trial or on its sound judicial discretion." *Id.*

But Plaintiffs' motion in limine is not based on an argument that RCCL's evidence concerning the affirmative defenses is *inadmissible* on grounds of relevancy or privilege or undue prejudice or similar evidence-based reason. Instead, it is based on RCCL's decision to allege only supposedly vague, detail-free affirmative defenses and to later fail to support them with actual evidence in response to Plaintiffs' discovery requests.

Thus, Plaintiffs' motion in limine is analytically akin to a motion to strike affirmative defenses, which is governed by Federal Rule of Civil Procedure 12(f), **and** a discovery-type motion filed under Federal Rule of Civil Procedure 37(c)(1), which provides that a party who "fails to provide information" is "not allowed to use that information or witness . . . at trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1).

However, some of the defenses which Plaintiffs challenge involve scenarios where it would be difficult for RCCL to affirmatively offer evidence because it would be tantamount to proving a negative. For example, RCCL's seventh affirmative defense -- that Plaintiffs failed to mitigate their own alleged damages -- puts Plaintiffs on notice of the defense but would not typically enable a defendant to prove how a plaintiff did *not* take steps to mitigate damages. If RCCL's affirmative defense is factually correct, then there is no actual evidence to affirmatively establish that Plaintiffs did *not* take steps to mitigate damages. To be sure, there might be some evidence of the non-action, such as a Plaintiff giving deposition testimony that she never went to a mental health professional to help eliminate or reduce the mental anguish she supposedly incurred as a result of her experience on the cruise. But this defense is, in effect, a summary of a defense argument, perhaps to be made in a motion for judgment as a matter of law or during closing argument.

Therefore, the Undersigned will need to examine each affirmative defense on a defense-by-defense basis to see whether the defense is clear enough to be understood and if it is the type of defense for which a Defendant would need to affirmatively produce evidence as part of its discovery obligations.

### c. Motions to Strike Affirmative Defenses

Magistrate Judge Edwin G. Torres recently provided a helpful outline of the law governing motions to strike affirmative defenses in *Rubinstein v. The Keshet Inter Vivos Trust*, No. 17-61010-Civ, 2019 WL 2475179 (S.D. Fla. June 13, 2019), and the Undersigned sees no need to reinvent the wheel. Therefore, I will quote from Judge Torres' opinion:

> A party may move to strike pursuant to Rule 12(f) of the Federal Rules "an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). "An affirmative defense is one that admits to the complaint, but avoids liability, wholly or partly, by new allegations of excuse, justification or other negating matter." *Royal Palm Sav. Ass'n v. Pine Trace Corp.*, 716 F. Supp. 1416, 1420 (M.D. Fla. 1989) (quoting *Fla. East Coast Railway Co. v. Peters*, 72 Fla. 311, 73 So. 151 (Fla. 1916)). Thus, affirmative defenses are pleadings, and as a result, must comply with all the same pleading requirements applicable to complaints. *See Home Management Solutions, Inc. v. Prescient, Inc.*, 2007 WL 2412834, at *1 (S.D. Fla. Aug. 27, 2007). Affirmative defenses must also follow the general pleading standard of Fed. R. Civ. P. 8(a), which requires a "short and plain statement" of the asserted defense. *See Morrison v. Executive Aircraft Refinishing, Inc.*, 434 F. Supp. 2d 1314, 1318 (S.D. Fla. 2005). A defendant must admit the essential facts of the complaint and bring forth other facts in justification or avoidance to establish an affirmative defense. *See id.*
>
> "The striking of an affirmative defense is a 'drastic remedy' generally disfavored by courts." *Katz v. Chevaldina*, 2013 WL 2147156, at *2 (S.D. Fla. May 15, 2013) (citations omitted); *see also Blount v. Blue Cross & Blue Shield of Florida, Inc.*, 2011 WL 672450, at *1 (M.D. Fla. Feb. 17, 2011) ("Striking a

defense . . . is disfavored by the courts."); *Pandora Jewelers 1995, Inc. v. Pandora Jewelry, LLC*, 2010 WL 5393265, at *1 (S.D. Fla. Dec. 21, 2010) ("Motions to strike are generally disfavored and are usually denied unless the allegations have no possible relation to the controversy and may cause prejudice to one of the parties") (internal quotations omitted) (quoting another source).

But, a "defendant must allege some additional facts supporting the affirmative defense." *Cano v. South Florida Donuts, Inc.*, 2010 WL 326052, at *1 (S.D. Fla. Jan. 21, 2010). Affirmative defenses will be stricken if they fail to recite more than bare-bones conclusory allegations. *See Merrill Lynch Bus. Fin. Serv. v. Performance Mach. Sys.*, 2005 WL 975773, at *11 (S.D. Fla. March 4, 2005) (citing *Microsoft Corp. v. Jesse's Computers & Repair, Inc.*, 211 F.R.D. 681, 684 (M.D. Fla. 2002)). "An affirmative defense may also be stricken as insufficient if: '(1) on the face of the pleadings, it is patently frivolous, or (2) it is clearly invalid as a matter of law.'" *Katz*, 2013 WL 2147156, at *1 (citing *Blount v. Blue Cross and Blue Shield of Fla., Inc.*, 2011 WL 672450 (M.D. Fla. Feb.17, 2011)).

"Furthermore, a court must not tolerate shotgun pleading of affirmative defenses, and should strike vague and ambiguous defenses which do not respond to any particular count, allegation or legal basis of a complaint." *Morrison v. Exec. Aircraft Refinishing, Inc.*, 434 F.Supp.2d 1314, 1318 (S.D. Fla. 2005). An affirmative defense should only be stricken with prejudice when it is insufficient as a matter of law. *See Kaiser Aluminum & Chemical Sales, Inc. v. Avondale Shipyards, Inc.*, 677 F.2d 1045, 1057 (5th Cir. 1982) (citing *Anchor Hocking Corp. v. Jacksonville Elec. Auth.*, 419 F. Supp. 992, 1000 (M.D. Fla. 1976)). Otherwise, district courts may strike the technically deficient affirmative defense without prejudice and grant the defendant leave to amend the defense. *Microsoft Corp.*, 211 F.R.D. at 684."

*Rubinstein*, 2019 WL 2475179, at *2.

Because Plaintiffs here argue that RCCL "simply listed legal statements, conclusory statements or boilerplate defenses that lack factual detail," [ECF No. 274, p. 4], it is necessary to first determine whether *Twombly*[1] applies to affirmative defenses.

"Courts have developed two schools of thought regarding the pleading standard required for affirmative defenses, and the Eleventh Circuit has not yet resolved the split in opinion." *Ramnarine v. CP RE Holdco 2009-1, LLC,* No. 12-61716, 2013 WL 1788503, at *1 (S.D. Fla. Apr. 26, 2013). In fact, no United States Court of Appeals has decided the question on whether the plausibility standard enunciated in *Twombly* and *Iqbal*[2] applies to affirmative defenses "and the district courts that have considered it do not agree on an answer." *Owen v. Am. Shipyard Co., LLC*, No. 1:15-CV-413, 2016 WL 1465348, at *1 (D.R.I. Apr. 14, 2016) (citing Stephen Mayer, Note, *An Implausible Standard for Affirmative Defenses*, 112 Mich. L. Rev. 275, 276 (2013) ("More than one hundred federal cases have contemplated whether the plausibility standard outlined in [*Twombly* and *Iqbal*] applies to affirmative defenses, yet the districts remain divided, and no court of appeals has yet addressed the issue.")).

In *Rubinstein*, Judge Torres presented a comprehensive and compelling summary of the differing rulings on whether the heightened pleading standard described in *Twombly* and *Iqbal* apply to only the allegations in complaints (but not to affirmative

---

[1]     *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007).

[2]     *Ashcroft v. Iqbal*, 556 U.S. 662 (2009).

defenses). The Undersigned finds the analysis in *Rubinstein,* 2019 WL 2475179, at *3-4, persuasive and adopts it here.[3]

### d. Failure to Provide Discovery About Facts Underlying Affirmative Defenses

Under Fed. R. Civ. P. 37(c)(1), if a party fails to provide information as required by Rule 26(a) or (e), the party is not allowed to use that information to supply evidence at a trial unless the failure was substantially justified or is harmless. *See Cooley v. Great S. Wood Preserving,* 138 F. App'x 149, 160-61 (11th Cir. 2005) (affirming the district court's order to strike previously undisclosed evidence); *see also Eli Research LLC v. Must Have Info Inc.,* No. 2:13-cv-695, 2015 WL 6501070, at *2 (M.D. Fla. Oct. 22, 2015) (granting motion in limine for documents or evidence not produced before trial); *Northstar Paramedic Servs. – Bessemer, Inv. v. City of Bessemer,* No. 2:07-cv-2155, 2009 WL 10703677,

---

[3]     RCCL argues that the heightened pleading standards do not apply to affirmative defenses, and it cites two non-binding Southern District cases for that theory. [ECF No. 296, pp. 1-2]. But it seems as though the majority of district courts in the country have used the heightened pleading standards for affirmative defenses. *See Rubinstein*, 2019 WL 2475179, at *11 (noting that "a majority of courts" have agreed to use the more-stringent pleading requirements for affirmative defenses).

Moreover, even when courts use the less-stringent standard, they still strike affirmative defenses which do not give plaintiffs fair notice of the nature of the defense. *See, e.g., Tarasewicz v. Royal Caribbean Cruises Ltd.,* No. 14-CIV-60885, 2015 WL 1566398 (April 8, 2015) (cited by RCCL in the instant case and concluding that less-stringent standard applies but still striking an affirmative defense for inadequate notice when it said only "Plaintiffs fail to state a claim upon which relief can be granted for product liability").

at *2 (N.D. Ala. Sept. 2, 2009) (granting motion to strike affidavit of witness not disclosed in initial disclosures, interrogatory answers, or any other pleading).

The "non-disclosing party bears the burden of showing that the failure to comply with Rule 26 was substantially justified or harmless." *Frierson v. Atlanta Indep. Sch. Sys.*, 22 F. Supp. 3d 1264, 1283 (N.D. Ga. 2014). Substantial justification requires:

> [J]ustification to a degree that could satisfy a reasonable person that parties could differ as to whether the party was required to comply with the disclosure request. The proponent's position must have a reasonable basis in law and fact. The test is satisfied if there is [a] genuine dispute concerning compliance.

*Home Design Servs., Inc. v. Hibiscus Homes of Florida, Inc.*, No. 603CV1860, 2005 WL 2465020, at *2 (M.D. Fla. Oct. 6, 2005) (quoting *Ellison v. Windt*, No. 6:99-cv-1268-Orl-KRS, 2001 WL 118617, at *2 (M.D. Fla. Jan. 24, 2001) (citation omitted)). "Failure to timely make the required expert witness disclosures is harmless when the party entitled to the disclosure suffers no prejudice." *Home Design Servs., Inc.*, 2005 WL 2465020, at *2. A district court has "broad discretion to fashion appropriate sanctions for violations of discovery orders." *Malautea v. Suzuki Motor Co.*, 987 F.2d 1536, 1542 (11th Cir. 1993).

e. <u>Evaluating the Specific Affirmative Defenses</u>

RCCL's first affirmative defense alleges that the Complaint fails to state a claim upon which relief can be granted. [ECF No. 61, ¶ 41]. It does not state or even suggest how the Complaint is defective (e.g., is it missing a critical element of a legal liability

theory? Is it barred by the statute of limitations? Is it an impermissible shotgun pleading which conflates multiple and inconsistent theories of liability into the same count?).

This defense is no more than a one-sentence recitation of the standard for dismissal under Federal Rule of Civil Procedure 12(b)(6) and is "a bare-bones conclusory allegation that fails to notify [plaintiff] of the deficiencies in the complaint." *Valdez v. Smith & Deshields, Inc.*, No. 08-80209, 2008 WL 4861547, at *2 (S.D. Fla. Nov. 10, 2008); *see also Sutherland v. SATO Global Sols., Inc.*, 2018 WL 7287157, at *1 (S.D. Fla. Oct. 19, 2018) (stating affirmative defense "must articulate enough facts to raise a plausible" theory but must not consist solely of "formulaic recitations filled with labels and conclusions without factual allegations").

Moreover, it is a legal argument for the Court, not a fact-based theory for the jury. Therefore, the Undersigned **respectfully recommends** that the Court **strike** RCCL's first affirmative defense [ECF No. 61, ¶ 41]. Although RCCL will not, under this recommendation, be permitted to introduce "evidence" that the Second Amended Complaint fails to state a claim, RCCL will not be prevented from pursuing an order granting a motion for judgment as a matter of law if Plaintiffs fail to establish a *prima facie* case on each count. *Cf. Perlman*, 2014 WL 4449602, at *3 (striking affirmative defense which contends that the complaint is an impermissible shotgun pleading is merely "to point out a defect in Plaintiff's complaint, not to assert an affirmative defense.").

The second affirmative defense contends that Plaintiffs were themselves negligent and that this negligence was the sole proximate cause of his/her injuries. [ECF No. 61, ¶ 42]. But, once again, RCCL fails to explain **how** this defense applies. This detail-free defense *might* have been permitted had RCCL complied with the Undersigned's order and supplemented its discovery responses by providing the necessary specifics in discovery (e.g., Plaintiff was drunk, staggered out onto the deck in 100 m.p.h. winds, crashed into a pole, collapsed onto the deck and broke his hip).[4] But Plaintiffs contend that no discovery was provided and RCCL has not convincingly argued otherwise. Although RCCL's response says, in wholly conclusory fashion, that "Plaintiffs have known about Royal Caribbean's affirmative defenses throughout discovery" [ECF No. 296, p. 3], it sheds absolutely no light on what type of discovery it has in mind, what the discovery explained, and which defense the discovery supposedly addressed.

In addition, RCCL did not advance the argument that its failure to provide the evidence was substantially justified and/or was harmless. Indeed, such an argument would be fundamentally inconsistent with its position (nebulous as it may be) that it *had* (in some undisclosed way) provided the evidence in discovery.

---

[4] But, then again, it might *not* have been sufficient. *See Morrison v. Exec. Aircraft Refinishing, Inc.*, 434 F. Supp. 2d 1314, 1321-22 (S.D. Fla. 2005) (striking affirmative defense because it was "too vague" and "wholly failed to set up any **factual basis** for this defense) (emphasis added).

Given the stunning lack of detail in the defense itself and RCCL's failure to provide evidence of the defense in discovery, the Undersigned **respectfully recommends** that RCCL not be allowed to introduce evidence on, or to assert argument about, Plaintiffs' purported negligence as alleged in RCCL's second affirmative defense [ECF No. 61, ¶ 42].[5] *Cf. Perlman*, 2014 WL 4449602, at *2 (striking affirmative defenses that "state legal doctrines or terms, but neither state how or why such defenses might apply to Plaintiff's claims, nor state facts in support of their application"); *see also Federal Trade Comm'n v. Nat'l Urological Grp., Inc.*, 645 F. Supp. 2d 1167 (N.D. Ga. 2008) (finding

---

[5]     Permitting RCCL to replead this affirmative defense would not provide meaningful relief. Discovery is over, and Plaintiffs would therefore not be allowed to pursue discovery in an effort to uncover the evidence which RCCL believes could support the defense.

If RCCL's position were to prevail, then Plaintiffs would be confronted with new, surprise evidence and no opportunity to probe the factual basis for the defenses in discovery. This would generate uncurable prejudice. *See Siplin v. Carnival Corp.*, No. 17-Civ-23741, 2018 WL 2688932 (S.D. Fla. June 5, 2018) (granting Plaintiff's motion to strike expert which cruise line defendant untimely disclosed); *see also Hewitt v. Liberty Mut. Grp., Inc.*, 268 F.R.D. 681, 684 (M.D. Fla. 2010) (citation omitted) ("Plaintiffs' delay in designating Mr. Thompson as their expert leaves Liberty Mutual without the chance to depose this expert witness."); *Hubbard v. Edwards*, No. 3:04-CV-118, 2006 WL 2557904 (M.D. Ga. Sept. 1, 2006) (same). This means, "[a]bsent the reopening of discovery and the attendance delay of trial . . . the self-executing nature of Rule 37(c)(1) should be preserved." *Hewitt*, 268 F.R.D. at 684 (citing *Bray & Gillespie Mgmt. LLC v. Lexington Ins. Co.*, No. 6:07-cv-222, 2009 WL 1043974 (M.D. Fla. Apr. 17, 2009)); *see also Smith*, 2008 WL 5351047, at *3.

Moreover, the relief provided here is not based solely on inartful pleading; it is also based on RCCL's failure to provide **evidence** concerning the vague defense it asserted -- a failure which also violated an order requiring supplemental production once (and if) RCCL ever obtained evidence to support the defenses.

inadmissible affidavit of witness where plaintiff offered no justification for failing to disclose for a year and a half and rejecting argument that opposing party was "neither surprised nor prejudiced" by the failure to earlier disclose existence of witness ); *Waite v. All Acquisition Corp.*, No. 15-cv-62359, 2016 WL 4433713, at *3 (S.D. Fla. April 28, 2016) (preventing Defendant from using at trial new expert witness disclosures and refusing to push back all of the case deadlines because doing so would permit the defendant "to make an end-run against the language and policy of Federal Rules, which specifically guard against trial by ambush").

The third affirmative defense is similar to the second affirmative defense. [ECF No. 61, ¶ 43]. RCCL contends that Plaintiffs' own negligence was a contributing factor and that any award must be reduced in proportion to the Plaintiff's own negligence. Like it did for the second defense, RCCL did not provide any detail and failed to explain how the discovery yielded evidence to support this defense. Accordingly, the Court's ruling and recommendation for the second defense applies here, as well.

RCCL did not argue substantial justification for the failure or a harm-free consequence. *See generally Nelson v. Freightliner LLC*, No. 5:01-cv-266, 2003 WL 25781423, at *4 (M.D. Fla., April 23, 2003) (preventing use of supplemental expert testimony and noting that "strict adherence to discovery rules is necessary to prohibit not only trial by ambush, but discovery gaming wherein a party holds back evidence"); *see also Goodman-Gable-Gould Co. v. Tiara Condo. Assoc., Inc.*, 595 F.3d 1203 (11th Cir. 2010) (affirming

order, based on Fed. R. Civ. Pro. 37(c), excluding at trial evidence of an unpled misrepresentation theory because, among other reasons, the evidence had not been disclosed in response to interrogatories and explaining that condominium association had a duty to supplement its interrogatory answers).[6]

The fourth affirmative defense alleges that RCCL had no notice of the allegedly unreasonably dangerous conditions. [ECF No. 61, ¶ 44]. But this is not an affirmative defense; it is simply a denial. Thus, the Undersigned **respectfully recommends** that RCCL's fourth affirmative defense be **stricken** as a defense.

Moreover, because RCCL's theory here is based on the **__non-existence__** of something (i.e., no notice of the condition), this recommendation would still permit RCCL at trial to introduce evidence on, and to contend, that it lacked notice of the dangerous condition.

RCCL's fifth defense is that it fully discharged any duty to Plaintiffs by "warning him/her of anticipated heavy weather." [ECF No. 61, ¶ 45]. Although this defense is sufficiently detailed to give Plaintiffs *notice*, RCCL did not demonstrate (or even try to demonstrate) that it provided evidence of the defense in discovery. For example, to provide a hypothetical, RCCL could have (assuming it were factually correct) provided

---

[6]     Given RCCL's position that Plaintiffs here knew about the facts surrounding the affirmative defenses through discovery, the Undersigned notes that the *Tiara Condominium* Court rejected the Tiara Condominium's argument that the Plaintiff was "on notice" of the plan to proceed with the unpled misrepresentation theory through the deposition of its corporate representative. *Tiara Condo. Assoc., Inc.*, 595 F.3d at 1213.

a supplemental interrogatory answer explaining that it broadcast ten (10) warnings over a three-hour period (and note this in its opposition memorandum). Alternatively, it could have noted, in its response to Plaintiffs' motion, that Witness A gave deposition testimony about the ten broadcast warnings.

But RCCL did not do this. To argue only (in a conclusory and generic way) that Plaintiffs knew of the facts supporting this defense through discovery, without explaining *which* discovery supposedly provided sufficient facts or what the facts are or how the warnings were given and what they contained, is inadequate. Therefore, the Undersigned **respectfully recommends** that RCCL not be permitted to introduce evidence that it warned Plaintiffs of the projected bad weather or that the warnings were adequate. This consequence arises from RCCL's failure to comply with an Order requiring it to provide supplemental discovery responses once it learned the evidence to support an affirmative defense -- and that is a significantly different circumstance than a pleading defect. *See FCOA, LLC v. Foremost Title & Escrow Servs., LLC*, No. 17-23971, 2019 WL 336469 (S.D. Fla. Jan. 28, 2019) (excluding expert witness from providing opinion testimony at trial because of failure to timely disclose him and rejecting argument that opposing party suffered no prejudice because Plaintiff took the expert's deposition one day before the discovery period ended).

The sixth affirmative defense contends that Plaintiffs failed to timely seek medical treatment and/or failed to follow the doctors' advice, which either caused or exacerbated the alleged injuries. [ECF No. 61, ¶ 46].

For purposes of notice, this is sufficient to put Plaintiffs on notice. Although RCCL did not provide in discovery evidence to support this defense, it is the type of theory for which the support would be a reference to Plaintiffs *not* doing something. Accordingly, the Undersigned will **respectfully recommend** that the District Court **deny** Plaintiffs' motion as to RCCL's sixth affirmative defense.

RCCL's seventh affirmative defense is that Plaintiffs have failed to mitigate damages. [ECF No. 61, ¶ 47]. This is adequate to put Plaintiffs on notice. Similar to the sixth defense, the theory is that Plaintiffs did not do something, which would require RCCL to prove a negative. Given the nature of the defense, the absence of evidence from RCCL about what Plaintiffs failed to do is not the type of defense which should be stricken. Similarly, RCCL should not be prevented from urging this theory at trial. Therefore, the Undersigned **respectfully recommends** that Judge Martinez **deny** the motion as to RCCL's seventh affirmative defense.

The eighth affirmative defense is that Plaintiffs' injuries are the result of the aggravation of prior injuries or conditions. [ECF No. 61, ¶ 48]. This is clear enough to put Plaintiffs on notice of the defense. The evidence to support this defense would, if it exists at all, be largely, if not exclusively, from Plaintiffs' *own* medical records.

Therefore, there does not appear to be prejudice arising from RCCL's failure to tell Plaintiffs what their own medical records reveal, and the omission can be deemed harmless. The Undersigned therefore **respectfully recommends** that Judge Martinez **deny** the motion for RCCL's eighth affirmative defense.

RCCL's ninth affirmative defense is that it did not have actual or constructive notice of the severity of the weather encountered. [ECF No. 61, ¶ 49]. This is not a defense. Instead, it is merely a denial of Plaintiffs' allegation that RCCL did have notice. Plaintiffs did not in this motion in limine ask for this defense to be stricken on the ground that it is a denial, rather than a defense, so the Undersigned sees no need to recommend that Judge Martinez strike the defense. Moreover, there is no prejudice to Plaintiffs in allowing this non-defense defense to remain. *See Bruce v. Ocwen Loan Servicing, LLC*, No. 12-cv-1561-T, 2012 WL 4867224, at *2 (M.D. Fla. Oct. 15, 2012) ("While these defenses appear to be denials of Plaintiff's claims, rather than true affirmative defenses, the Court finds that there is no prejudice to Plaintiff by allowing them to remain."); *see also Tomason v. Stanley*, 297 F.R.D. 541, 546 (S.D. Ga. 2014) (finding that a claim did not constitute an affirmative defense but denying the motion to strike).

Because the defense is not a legal defense and could have been stricken, RCCL's failure to produce evidence to support its affirmative defenses will not lead to entry of an order preventing RCCL from introducing evidence about this allegation. Thus, the

Undersigned **respectfully recommends** that Judge Martinez **deny** the motion as to this so-called affirmative defense (which is not a defense).

RCCL's tenth affirmative defense is that any award must be reduced for any collateral source payment and payments made and received from Defendant. [ECF No. 61, ¶ 50]. Although some courts might disagree (e.g., *Rubinstein*, 2019 WL 2475179, at *5), the Undersigned deems this defense to be sufficiently phrased to put Plaintiffs on notice of the basis of the defense.

However, RCCL did not in discovery produce the *evidence* to support this defense. Therefore, Plaintiffs are now required to assume or guess as to which specific facts apply to this defense. Decisions about the admissibility of evidence concerning collateral sources may depend on the nature and source of the payments. Because RCCL has not provided discovery about the evidence concerning this defense, Plaintiffs will be prejudiced in their trial preparation. RCCL has not met its burden to provide the relevant facts for this defense and the Undersigned **respectfully recommends** that Judge Martinez not permit RCCL to introduce evidence concerning RCCL's tenth affirmative defense. *See generally Certain Interested Underwriters at Lloyds, London v. AXA Equitable Life Ins. Co.*, No. 10-62061, 2013 WL 3892956, at *4 (S.D. Fla. July 26, 2013) (noting that it is inappropriate to require the Plaintiffs to sift through pages of

allegations to determine what Defendant "might have intended to form the basis of each of its defenses"). [7]

RCCL's eleventh affirmative defense is that pre-existing conditions or injuries were the proximate cause of any damages sustained by Plaintiffs. [ECF No. 61, ¶ 51]. This is substantially similar to the eighth affirmative defense, and the Undersigned therefore adopts the same ruling here.

RCCL's twelfth affirmative defense is that the ticket contract provides that RCCL is not liable for an Act of God or peril of sea of any other cause beyond RCCL's control. [ECF No. 61, ¶ 52]. This sufficiently places Plaintiffs on notice and Plaintiffs have received a copy of the ticket exemplar, which was filed on CM/ECF. [ECF No. 9-1]. Therefore, the Undersigned **respectfully recommends** that Judge Martinez **deny** the motion as to RCCL's twelfth affirmative defense.

RCCL's final affirmative defense (its thirteenth) is that the risk-creating condition was open and obvious and should have been observed by Plaintiffs through the ordinary use of senses. [ECF No. 61, ¶ 53]. This places Plaintiffs on notice. Although RCCL has not demonstrated (or even tried to demonstrate) that it provided evidence to support this defense, the Undersigned finds that there is no prejudice. The condition

---

[7] The Court in *Certain Interested Underwriters* also held that the need for Defendant to select the facts relevant to an affirmative defense enables the parties to be "fairly apprised of not just the name of a defense which [defendant] may wish to invoke but also the **manner** in which [defendant] suggests the defense applies to the facts" of the case. *Id.* at *4 (emphasis added).

was the hurricane and Plaintiffs are surely aware of that evidence, as they directly experienced it. RCCL should not be lauded for failing to provide more-specific evidence during discovery, but its failure to do so does not generate the requisite prejudice which Rule 37(c)(1) requires for an order excluding the evidence. Phrased differently, the Undersigned finds that the discovery failure was harmless for this affirmative defense. Therefore, the Undersigned **respectfully recommends** that Judge Martinez deny the motion as to RCCL's thirteenth affirmative defense.

### III.    Conclusion

The Undersigned **respectfully recommends** that Judge Martinez **grant in part** and **deny in part** the motion in limine, as outlined in this Report and Recommendations.

### IV.    Objections

The parties shall have fourteen (14) calendar days from the date of this report to file written objections, if any, with the District Judge. Each party may file a response to the other party's objection within fourteen (14) calendar days from the date of the objection. Failure to timely file objections shall bar the parties from a de novo determination by the District Judge of an issue covered in the report, and shall bar the parties from attacking on appeal unobjected-to factual and legal conclusions contained in this report, except upon grounds of plain error and if necessary in the interest of

justice. *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989); 11th Cir. R. 3-1 (2016).

**RESPECTFULLY RECOMMENDED** in Chambers in Miami, Florida, on June 28, 2019.

Jonathan Goodman
UNITED STATES MAGISTRATE JUDGE

**Copies furnished to:**
The Honorable Jose E. Martinez
All Counsel of Record