UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
Case Number: 16-20924-CIV-O'SULLIVAN

DONNA INCARDONE, et al.,

    Plaintiffs,

vs.

ROYAL CARIBBEAN CRUISES, LTD.,

    Defendant.
_____/

### ORDER ON MOTION FOR RECONSIDERATION

THIS CAUSE came upon the Plaintiffs' Motion for Reconsideration of Court Order to Exclude the Bahamas Maritime Authority Report and Testimony. ECF No. 512. Pursuant to Federal Rule of Civil Procedure 59(e),[1] Plaintiffs request the Court reconsider its Order granting Defendant's Motion *in Limine*. ECF Nos. 482, 508. The Court has reviewed the Motion for Reconsideration, Defendant's Response in Opposition thereto, ECF No. 513, the pertinent portions of the record, and is otherwise fully advised in the premises. After careful consideration, Plaintiffs' Motion is denied.

    **I.**    **Background**

Defendant's cruise ship, the *Anthem of the Seas*, encountered a winter storm that produced hurricane-force winds. After the incident, a maritime investigative report was prepared by the

---

[1] The Court notes that Federal Rule of Civil Procedure 59(e) may be used to alter or amend a judgment. There is no indication that the Rule contemplates a court's evidentiary order on a non-dispositive motion *in limine*. In fact, "[t]he Federal Rules of Civil Procedure do not mention motions for reconsideration." *Brogdon ex rel. Cline v. Nat'l Healthcare Corp.*, 103 F. Supp. 2d 1322, 1338 (S.D. Ga. 2000). Nonetheless, because a motion for reconsideration typically seeks to invoke a district court's authority to modify or vacate its prior orders, a similar analysis to that under Rule 59(e) applies.

Bahamian Maritime Authority ("BMA"). Though Plaintiffs dispute whether the investigation was jointly conducted by the BMA, the National Transportation Safety Board ("NTSB"), and the United States Coast Guard ("Coast Guard"), the Court found that the investigation was indeed the product of a collaborative investigation between the three entities. ECF No. 508 at 3. To prepare the report, the authorities interviewed Staff Captain Wendy Williams, First Navigation Officer Kyriakos Spahis, and Captain Claus Anderson. Defendant moved *in limine* to exclude the transcripts of these interviews pursuant to 46 U.S.C. § 6308(a). ECF No. 482. The Court granted the motion, finding that (1) the BMA Report fell within the statute's purview despite BMA's lead role in the investigation, and (2) the interview transcripts are therefore protected. ECF No. 508.

## II.     Legal Standard

"Courts have distilled three major grounds justifying reconsideration: (1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or manifest injustice." *Instituto de Prevision Militar v. Lehman Bros., Inc.*, 485 F. Supp. 2d 1340, 1343 (S.D. Fla. 2007) (internal quotation marks and citation omitted). The reconsideration decision is granted only in **extraordinary circumstances** and is "committed to the sound discretion of the district judge." *Tristar Lodging, Inc. v. Arch Specialty Ins. Co.*, 434 F. Supp. 2d 1286, 1301 (M.D. Fla. 2006) (quoting *Am. Home Assur. Co. v. Glenn Estess & Assocs., Inc.*, 763 F.2d 1237, 1238–39 (11th Cir. 1985)) (internal quotations omitted) (emphasis added).

## III.    Discussion

Plaintiffs assert that by granting Defendant's Motion *in Limine* and thereby excluding the interview transcripts, the Court committed "errors of fact and law and should grant reconsideration to prevent manifest injustice." ECF No. 512 at 2.

Plaintiffs' first argument that the Court has misinterpreted Plaintiffs' position regarding

2

whether Plaintiffs previously agreed to exclude the BMA Report is a non-starter. The Court decided the Motion *in Limine* based on its substance and merely noted—in a procedural context—the parties' previous positions on the Report's admissibility.

As to the Court's second purported error, Plaintiffs argue that the Court's finding that the interviews form the foundation of the BMA Report—and that they are therefore statutorily protected—amounts to speculation. Plaintiffs further suggest that the Court shifted the burden onto them as the nonmovants. This is not so. Despite Plaintiffs' contention that no evidence was introduced showing that these statements were part of the Report, it is apparent on the face of the Report that these interviews indeed underlie the Report's findings.

For example, the very first page of the Report states that "officers of a ship involved in an accident [are required] to answer an Inspector's questions fully and truly," indicating that the Report is premised upon such questions—i.e., interviews. ECF No. 485-1 at 1.[2] This is buttressed by the Report's repeated references to Staff Captain Williams. *See, e.g.*, ECF No. 485-1 at 10–12. Further, and most importantly, by cross-referencing the Report and the testimony contained within the interview transcripts, it is particularly apparent that the "Narrative of Events" as described in

---

[2] The first page of the Report additionally states: "In accordance with the IMO Casualty Investigation Code, mandated by the International Convention for the Safety of Life at Sea (SOLAS) Regulation XI-1/6, investigations have the objective of preventing marine casualties and marine incidents in the future and do not seek to apportion blame or determine liability." ECF No. 485-1 at 1. Further, pursuant to such Regulation, the BMA made the Report available "on the strict understanding that it will not be used as evidence in any legal proceedings anywhere in the world." *Id*. The Court notes that though Plaintiffs contend that Bahamian law mandating the inadmissibility of the Report is non-binding, the United States is a signatory to SOLAS—further bolstering the Court's holding that policy implications support exclusion. *See* Int'l Maritime Org. [IMO], MSC. 255 (84), *Casualty Investigation Code*, at 6, 16, 23 (May 16, 2008), http://www.imo.org/en/OurWork/MSAS/Casualties/Documents/Res.%20MSC.255(84)%20Casualty%20Iinvestigation%20Code.pdf.

the Report derives from the statements made during the course of these investigative interviews.[3]

Plaintiffs likewise suggest that the Court erred in relying on the decision in *In re Eternity Shipping*, 444 F. Supp. 2d 347, 363 (D. Md. 2006). The only valid challenge to the Court's reliance on that case stems from the fact that in *In re Eternity*, the transcripts were in fact an attachment to the report; while, here, it is not apparent whether the interview transcripts served as an exhibit to the BMA Report. As such, the Court analyzed the issue as if the transcripts were not in fact attached. With these principles in mind, the Court found—and still finds—that the statute's intent and its underlying policy rationale support exclusion.

Plaintiffs stress that the Court "did not give deference" to Judge Torres's holding in *Guest v. Carnival Corp.*, 917 F. Supp. 2d 1242, 1246 (S.D. Fla. 2012). The Court, however, simply distinguished that case from the case at issue—both factually and procedurally. Asking the Court to re-analyze arguments and caselaw previously raised and otherwise addressed is inadequate to establish grounds for reconsideration. "It is an improper use of the motion to reconsider to ask the Court to rethink what the Court already thought through—rightly or wrongly." *Z.K. Marine, Inc. v. M/V Archigetis*, 808 F. Supp. 1561, 1563 (S.D. Fla. 1992) (internal quotations and citation omitted). Therefore, the Motion is denied.

Accordingly, it is hereby:

---

[3] Similarly, and as previously discussed by the Court, there is sufficient indication throughout the Report and the interview transcripts to support the Court's determination that the investigation was jointly conducted by the BMA, the NTSB, and the Coast Guard. *See, e.g.*, ECF No. 485-2 at 22–23 (during the course of Mr. Spahis's interview, Interviewer 4 states, "Mike Carr with the National Transportation Safety Board. These are some questions that came in from a national transportation safety board weather specialist."); ECF No. 485-1 at 13–14. And, again, the Court notes that the Plaintiffs have repeatedly acknowledged that this investigation was conducted by the three entities. *See* ECF No. 266 at 1 ("After the February 6, 2014 voyage the Bahamian Maritime Authorities, U.S. Coast Guard, and National Transportation Safety Board began an investigation into the cruise and the incident at issue in this action.").

**ORDERED AND ADJUDGED** that:

1. Plaintiffs' Motion for Reconsideration of Court Order to Exclude the Bahamas Maritime Authority Report and Testimony, [ECF No. 512], is **DENIED**.

DONE and ORDERED in Chambers at Miami, Florida, this **29th** day of June, 2020.

JOHN J. O'SULLIVAN
CHIEF UNITED STATES MAGISTRATE JUDGE

Copies provided to:
All Counsel of Record